■ In the Matter of KYLE M., a Child Alleged to be Neglected. ALLISON M., Appellant; NEW YORK FOUNDLING HOSPITAL, Respondent. [772 NYS2d 556]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of (1) an order of the Family Court, Queens County (Hunt, J.), dated June 7, 2002, as granted that branch of the motion of the respondent, New York Foundling Hospital, which was for summary judgment finding that she had permanently neglected her child, Kyle M., by reason of her conviction in the State of Virginia of homicide in the first degree and (2) an order of disposition of the same court dated April 22, 2003, as, after a hearing, terminated her parental rights and transferred custody and guardianship of the subject child to the New York Foundling Hospital and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the appeal from the order dated June 7, 2002, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The subject of this proceeding is Kyle M., who is now eight years old. In March 1997 Kyle's father obtained temporary custody of his three-year-old nephew. He and the mother then moved to Virginia with both Kyle and the nephew. About nine months later, in December 1997, the mother strangled the couple's nephew to death. The mother was subsequently convicted in Virginia of homicide in the first degree, and

sentenced to a term of 30 years' imprisonment. She is ineligible for parole. The father, who helped the mother dispose of the nephew's body, was also convicted of criminal charges and sentenced to a 10-year period of imprisonment.

In March 1999 the Commissioner of the Administration for Children's Services filed a petition pursuant to Family Court Act article 10 alleging that Kyle was a derivatively-abused child. After a fact-finding hearing, the Family Court entered a finding of abuse against the parents, and subsequently placed Kyle in the custody of the Administration for Children's Services. In October 2001 the petitioner foster care agency commenced this proceeding to terminate parental rights upon the ground, inter alia, of permanent neglect. The petitioner then moved for summary judgment, and the Family Court granted that branch of its motion which sought a finding that the parents had permanently neglected Kyle. In reaching its determination, the Family Court concluded that the uncontroverted evidence of the criminal acts the parents committed against their nephew excused the agency from the usual requirement that it prove that it exercised diligent efforts to strengthen the parent-child relationship. After conducting a dispositional hearing, the Family Court terminated parental rights, and freed Kyle for adoption. The mother appeals.

Contrary to the mother's contention, the Family Court properly granted the petitioner summary judgment on the issue of permanent neglect. Although a foster care agency has a statutory duty to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [1] [a] [ii]; *Matter of Sheila G.,* 61 NY2d 368, 386 [1984]), "when a child's best interests are endangered . . . the State's strong interest in avoiding extended foster care limbo and expediting permanency planning may properly excuse the futile exercise of making efforts toward reuniting a family that, in the end, should not and will not be reunited" (*Matter of Marino S.,* 100 NY2d 361, 372 [2003], *cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs.* — US —, 124 S Ct 834 [2003]). Here, the evidence that the mother murdered a three-year-old child entrusted to her care clearly and convincingly establishes that diligent efforts to encourage her parental relationship with Kyle would not be in his best interests, and excuses the petitioner from fulfilling the diligent efforts requirement (*see Matter of Marino S., supra; Matter of Sharlese Danielle S.,* 304 AD2d 469 [2003]; *Matter of Joseluise Juan M.,* 302 AD2d 219 [2003]; *Matter of Kasey Marie M.,* 292 AD2d 190 [2002]). Moreover, the finding of permanent neglect is supported by the clear and convincing evidence that the mother had no plan for Kyle's future other than long-term

foster care (*see Matter of Baby Girl C.*, 1 AD3d 593 [2003]; *Matter of William EE.*, 245 AD2d 813 [1997]; *Matter of Abdul W.*, 224 AD2d 875 [1996]). We also find that, under the circumstances of this case, the Family Court properly granted the petitioner summary judgment on the issue of permanent neglect and dispensing with a fact-finding hearing (*see Matter of Curtis N.*, 302 AD2d 803 [2003]; *see also Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.*, 83 NY2d 178, 181 [1994]).

Furthermore, the evidence presented at the dispositional hearing supports the Family Court's determination that it would be in Kyle's best interests to free him for adoption by his paternal grandmother, who has served as his kinship foster mother since 1999 (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136 [1984]; *Matter of Baby Girl C., supra*). Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.