■ In the Matter of JAMEL B., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOEL B., Appellant. (Proceeding No. 1.) In the Matter of JOEL B., JR., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOEL B., Appellant. (Proceeding No. 2.) In the Matter of RASHAAD B., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOEL B., Appellant. (Proceeding No. 3.) [849 NYS2d 296]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition (one paper) of the Family Court, Suffolk County (Freundlich, J.), entered November 20, 2006, which, upon two decisions of the same court dated June 30, 2006, and August 21, 2006, respectively, granted the motion of the Suffolk County Department of Social Services for summary judgment finding that he had permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the Suffolk County Department of Social Services, for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Supreme Court properly granted the motion of the Suffolk County Department of Social Services (hereinafter the DSS) for summary judgment dispensing with a fact-finding hearing and determining that the father had permanently neglected the subject children (*see Matter of Kyle M.*, 5 AD3d 489 [2004]; *Matter of Curtis N.*, 302 AD2d 803 [2003]). The evidence submitted by the DSS established, prima facie, that the threshold showing of diligent efforts in order to strengthen the parent-child relationship (*see* Social Services Law § 384-b [7] [f]; *Matter of Jamie M.*, 63 NY2d 388 [1984]; *Matter of Star Leslie W.*, 63 NY2d 136, 140-142 [1984]) should be excused, since such efforts would be detrimental to the best interests of the subject children because the father was convicted of murdering the subject children's mother and was sentenced to a term of 25 years to life imprisonment (*see* Social Services Law § 384-b [8] [a] [iv]; *Matter of Marino S.*, 100 NY2d 361, 372 [2003], *cert denied*, 540 US 1059 [2003]; *Matter of Kyle M.*, 5 AD3d at 490). In addition, the DSS submitted evidence demonstrating by clear and convincing evidence that the father had permanently neglected the subject children by failing to plan for their future (*see* Social Services Law § 384-b [3] [g]; [7] [a]). In opposition to the DSS's prima facie showing, the father failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Furthermore, the Family Court providently exercised its discretion in determining that it was in the subject children's best interests to terminate the father's parental rights in order to free them for adoption (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136 [1984]). Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.