In the Matter of YAMILLETTE G. and Another, Children Alleged to be Abused and/or Severely Abused. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARLENE M. et al., Appellants. [906 NYS2d 271]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from stated portions of an order of disposition of the Family Court, Kings County (Ruiz, J.), dated June 15, 2009, which, inter alia, upon the granting of those branches of the petitioner's motion which were for summary judgment on the issues of whether she abused and severely abused the child Hailey and derivatively abused and derivatively severely abused the child Yamillette, directed the continued placement of the child Yamillette in the custody of the Commissioner of Social Services of Kings County, and the father separately appeals, as limited by his brief, from stated portions of the same order of disposition, which, inter alia, upon the granting of those branches of the petitioner's motion which were for summary judgment on the issues of whether he abused the child Hailey, for whom he was legally responsible, and derivatively abused and derivatively severely abused his biological child Yamillette, directed the continued placement of the child Yamillette in the custody of the Commissioner of Social Services of Kings County.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

After the child Hailey was admitted to a hospital and diagnosed with severe trauma to the head on August 7, 2007, the Administration for Children's Services (hereinafter ACS) filed a petition against Marlene M. (hereinafter the mother) and Edwin G. (hereinafter the father), alleging that they had abused and severely abused the subject children, Hailey and Yamillette. The petition alleged that the mother was the biological mother of both children and that the father was a person legally responsible (hereinafter PLR) for Hailey and the biological father of her half sister Yamillette.

On August 10, 2007, Hailey died as a result of her injuries. On August 28, 2007, the father and mother were indicted on charges of murder, manslaughter, and related charges arising from Hailey's death. Thereafter, in 2008, the mother was convicted, upon her plea of guilty, of manslaughter in the second degree, and the father also was convicted, upon his plea of guilty, of manslaughter in the first degree. Following the convictions, ACS moved for summary judgment against the father and the mother on the petition. As part of the relief requested in its motion, ACS requested a finding that reasonable efforts to return Yamillette to the home as set forth in Social Services Law § 384-b (8) (a) (iv) be excused since such efforts would not be in her best interests.

"A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct" (*Matter of Ajay P.*, 60 AD3d 681, 683 [2009]; *see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]; *Matter of Javon T.*, 64 AD3d 608, 608 [2009]). Here, ACS, with the support of the attorney for the children, moved for summary judgment against the parents on the issues of abuse and severe abuse, establishing that the father pleaded guilty to manslaughter in the first degree, and the mother pleaded guilty to manslaughter in the second degree for their commission of the same abusive acts alleged in the petition. In their plea allocutions, both parents admitted that the victim was the child Hailey. Based upon these submissions, an award of summary judgment was proper on the issue of whether the father and mother abused Hailey and derivatively abused Yamillette (*see* Family Ct Act § 1012 [e] [i], [ii]; *see also Matter of Daniel W.*, 37 AD3d 842, 843 [2007]; *Matter of Diamond K.*, 31 AD3d 553, 554 [2006]).

With respect to the allegations of severe abuse, the criminal convictions of the father and the mother satisfy Social Services

Law § 384-b (8) (a) (i) and (iii). Moreover, the uncontroverted evidence of their criminal acts, which caused the death of Hailey, a 20-month-old child in their care, clearly and convincingly establishes that reasonable efforts to return Yamillette to the home should be excused as being detrimental to the best interests of Yamillette (*see* Social Services Law § 384-b [8] [a] [iv]; *Matter of Marino S.*, 100 NY2d 361, 372 [2003], *cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs.*, 540 US 1059 [2003]; *Matter of Jamel B.*, 47 AD3d 626, 627 [2008]; *Matter of Kyle M.*, 5 AD3d 489, 490 [2004]). Accordingly, an award of summary judgment was proper on the issues of whether the father derivatively severely abused Yamillette, and whether the mother severely abused Hailey and derivatively severely abused Yamillette.

We decline to reach the contentions raised improperly for the first time on appeal by the father and the mother (*see Farrington v Bovis Lend Lease LMB, Inc.*, 51 AD3d 624, 626 [2008]; *Mazzola v City of New York*, 32 AD3d 906, 907 [2006]). The remaining contention of the attorney for the child is not properly before us on this appeal. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.