*1344 In two related child protective proceedings pursuant to Family Court Act article 10, Leonardo V appeals, as limited by his brief, from (1) so much of an order of the Family Court, Nassau County (Eisman, J.), dated December 15, 2010, as granted that branch of the motion of the Nassau County Department of Social Services which was for summary judgment on the issue of his severe abuse of his biological child, Leonardo V, Jr., and (2) so much of an order of the same court dated December 17, 2010, as granted that branch of the motion of the Nassau County Department of Social Services which was for summary judgment on the issue of his severe abuse of the child Joanna B., for whom he was legally responsible.
Ordered that the order dated December 15, 2010, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the order dated December 17, 2010, is modified, on the facts and in the exercise of discretion, by deleting the word “severe” from the decretal paragraph granting that branch of the motion of the Nassau County Department of Social Services which was for summary judgment on the issue of the appellant’s severe abuse of the child Joanna B.; as so modified, the order dated December 17, 2010, is affirmed insofar as appealed from, without costs or disbursements.
The Family Court properly granted that branch of the motion of the Nassau County Department of Social Services (hereinafter DSS) which was for summary judgment on the issue of the appellant’s severe abuse of his biological child, Leonardo V, Jr. (see Social Services Law § 384-b [8] [a] [iii] [A]). DSS established, prima facie, that the appellant had been convicted of, inter alia, murder in the first degree for killing the child’s mother and that reasonable efforts to return Leonardo V., Jr., to the home should be excused as being detrimental to the best interests of the child (see Social Services Law § 384-b [8] [a] [iii], [iv]; Penal Law § 125.27; Matter of Yamillette G. [Marlene M.], 74 AD3d 1066, 1067-1068 [2010]; Matter of Jamel B., 47 AD3d 626, 627 [2008]). In opposition, the appellant failed to raise a triable issue of fact (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 183 [1994]). Accordingly, the Family Court properly granted that branch of DSS’s motion which was for summary judgment on the issue of the appellant’s severe abuse of the child Leonardo V, Jr.
However, the Family Court erred in granting that branch of DSS’s separate motion which was for summary judgment on *1345 the issue of the appellant’s severe abuse of Leonardo V, Jr.’s half-sister Joanna B., for whom the appellant was legally responsible, and whose mother the appellant was convicted of murdering. Social Services Law § 384-b (8) (a) (iii) (A) provides, in relevant part, that a child is severely abused by his or her parent if the parent of such child has been convicted of murder in the first degree as defined in Penal Law § 125.27 and the victim of such crime was the other parent of the child. Although Social Services Law § 384-b does not define “parent” except as to generally include an “incarcerated parent” (Social Services Law § 384-b [2]), the statute “is unmistakably intended to establish necessary procedures and standards for the termination of parental rights and the weighing of those rights of birth parents vis-á-vis their children’s rights to permanency” (Matter of Meredith DD., 13 Misc 3d 894, 898 [2006]). Since the appellant is not the parent of Joanna B., and accordingly, no issue is raised with respect to the termination of the appellant’s parental rights as to Joanna B., he could not be found to have severely abused her within the meaning of Social Services Law § 384-b (8) (a) (iii) (A) (see Matter of Yamillette G., 23 Misc 3d 841, 851-852 [2009], affd on other grounds 74 AD3d 1066 [2010]; Matter of Meredith DD., 13 Misc 3d at 898-899). The failure of DSS to establish its prima facie entitlement to judgment as a matter of law on this issue required the denial of that branch of the motion, regardless of the sufficiency of the appellant’s opposing papers (see Smalls v AJI Indus., Inc., 10 NY3d 733, 735 [2008]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Thus, the Family Court erred in granting that branch of DSS’s motion which was for summary judgment on the issue of the appellant’s severe abuse of Joanna within the meaning of Social Services Law § 384-b (8) (a) (iii) (A). However, under the circumstances, we find that the appellant abused Joanna within the meaning of Family Court Act § 1012 (e) (i), and we modify the order dated December 17, 2010, accordingly. Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.