■ In the Matter of NOAH E.P. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WESLEY P., Appellant. [19 NYS3d 65]—

Appeal from an order of the Family Court, Suffolk County (David Freundlich, J.), dated September 4, 2014. The order granted the motion of the Suffolk County Department of Social Services for summary judgment on its petition to terminate the father's parental rights of the subject child, on the basis that the father severely abused the child, and transferred the guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly granted the motion of the Suffolk County Department of Social Services (hereinafter DSS) for summary judgment on its petition, determining that the child is a severely abused child under Social Services Law § 384-b (8), terminating the father's parental rights, and freeing the child for adoption. The record establishes that DSS made a prima facie showing warranting summary judgment in its favor, and the father failed to raise a triable issue of fact in op-

position (*see generally Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178 [1994]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Social Services Law § 384-b (8) (a) (iii) (A) provides, in relevant part, that a child is severely abused by his or her parent if the parent of such child has been convicted of murder in the second degree as defined in Penal Law § 125.25 and the victim of such crime was the other parent of the child. Here, the father's severe abuse of the child was established by evidence of his conviction of murder in the second degree for killing the child's mother and subsequent imprisonment, and reasonable efforts to return the child to the father's home should be excused as being detrimental to the best interests of the child (*see* Social Services Law § 384-b [8] [a] [iii], [iv]; Penal Law § 125.25; *Matter of Rodney J.R. [Rodney R.]*, 123 AD3d 727 [2014]; *Matter of Leonardo V., Jr. [Leonardo V.]*, 95 AD3d 1343, 1344 [2012]; *Matter of Brendan N. [Arthur N.]*, 79 AD3d 1175, 1177 [2010]; *Matter of Jamel B.*, 47 AD3d 626, 627 [2008]).

The father's remaining contention is without merit. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.