◼ In the Matter of Natalia J. Westchester County Department of Social Services, Respondent; Clarence T., Appellant. (Proceeding No. 1.) In the Matter of Kaneilia T. Westchester County Department of Social Services, Respondent; Clarence T., Appellant. (Proceeding No. 2.) In the Matter of Fatima A., Also Known as Fatima J. Westchester County Department of Social Services, Respondent; Clarence T., Appellant. (Proceeding No. 3.) [44 NYS3d 121]—

Appeal by Clarence T. from an order of fact-finding of the

Family Court, Westchester County (Arlene E. Katz, J.), entered October 28, 2015. The order granted the petitioner's motion for summary judgment on the petitions alleging that the appellant severely abused and neglected the child Natalia J., and derivatively abused and neglected the children Kaneilia T. and Fatima A.

Ordered that the order of fact-finding is affirmed, without costs or disbursements.

The appellant (hereinafter the father) is the biological father of the subject children Natalia J. and Kaneilia T. and a person legally responsible for the subject child Fatima A., also known as Fatima J. On March 14, 2013, Natalia died from a head injury caused by blunt force trauma. Kaneilia and Fatima were immediately placed in the custody of the petitioner, the Westchester County Department of Social Services (hereinafter the DSS). The father was subsequently arrested and charged with, inter alia, murder in the second degree and manslaughter in the first degree. On the same day, the DSS filed petitions pursuant to article 10 of the Family Court Act alleging that Natalia was abused, neglected, and severely abused, and that Kaneilia and Fatima were derivatively abused and neglected. On April 6, 2015, the father pleaded guilty to manslaughter in the second degree for recklessly causing Natalia's death. Based on the father's plea, the DSS moved for summary judgment on the petitions. The Family Court granted the motion, and the father appeals.

The Family Court properly granted the motion of the DSS for summary judgment on the issue of the father's abuse, neglect, and severe abuse of Natalia, and the derivative abuse and neglect of Kaneilia and Fatima, since the DSS met its prima facie burden of showing that the doctrine of collateral estoppel is applicable (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]; *Matter of Ajay P.* , 60 AD3d 681, 683 [2009]). " 'A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct' " (*Matter of Yamillette G. [Marlene M.]*, 74 AD3d 1066, 1067 [2010], quoting *Matter of Ajay P.*, 60 AD3d at 683; *Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d at 182; *Matter of Tyreek A. [Franklyn A.]*, 108 AD3d 527, 527-528 [2013]). The father's conviction of manslaughter in the second degree in violation of Penal Law § 125.15 (1) established, prima facie, that Natalia was abused, neglected, and severely abused (*see*

Family Ct Act § 1012 [e], [f]; Social Services Law § 384-b [8] [a] [iii] [A]; *Matter of Alexander C. [Cassandra C.]*, 110 AD3d 1067, 1068 [2013]; *Matter of Yamillette G. [Marlene M.]*, 74 AD3d at 1067-1068; *Matter of Daniel W.*, 37 AD3d 842, 843 [2007]), and that Kaneilia and Fatima were derivatively abused and neglected (*see* Family Ct Act § 1012 [e] [i]; *Matter of Yamillette G. [Marlene M.]*, 74 AD3d at 1067; *Matter of Brian I.*, 51 AD3d 792, 793 [2008]; *Matter of Daniel W.*, 37 AD3d at 843). In opposition, the father failed to raise a triable issue of fact (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d at 182). Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.