Appeal by the father from an order of fact-finding of the Family Court, Queens County (Marybeth S. Richroath, J.), dated October 23, 2013, appeals by the mother from two orders of that court dated March 10, 2015, and May 27, 2015, and separate appeals by the mother and the father from a second order of that court dated May 27, 2015, and an order of disposition of that court dated May 27, 2015. The order of fact-finding dated October 23, 2013, granted that branch of the petitioner’s motion which was for summary judgment on the issue of whether the father derivatively severely abused the subject child and found that the father derivatively severely abused the subject child. The order dated March 10, 2015, upon the order of fact-finding dated October 23, 2013, and upon an order of fact-finding of that court dated March 3, 2015, finding that the mother derivatively severely abused the subject child, and after a permanency hearing, changed the permanency goal for the subject child from return to parent to placement for adoption. The first order dated May 27, 2015, denied the mother’s motion for a psychological evaluation of the subject child. The second order dated May 27, 2015, granted the petitioner’s motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the parents and the subject child are no longer required. The order of disposition, upon the orders of fact-finding and after a dispositional hearing, placed the subject child in the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing.
 

 Ordered that the father’s appeal from the order of fact-finding dated October 23, 2013, is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the father’s appeal from the order of disposition; and it is further,
 

 Ordered that the appeals from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing are dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter of Dior Z.J. [Dior J.], 139 AD3d 1065, 1066 [2016]; Matter of Amina I.J. [Chantilly J.], 134 AD3d 938, 939 [2015]; Matter of Grayson J. [Sharon H.], 119 AD3d 575, 575 [2014]); and it is further,
 

 Ordered that the order dated March 10, 2015, and the two orders dated May 27, 2015, are affirmed, without costs or disbursements; and it is further,
 

 Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
 

 Annie L. (hereinafter Annie), the first child of the appellant parents, died when she was two months old. Evidence submitted at the mother’s fact-finding hearing established that Annie died as a result of a subdural hemorrhage, a skull fracture with a severe brain injury, and retinal hemorrhages. A physician who treated Annie concluded that her injuries were likely caused by nonaccidental head trauma with acceleration injuries.
 

 The mother and the father were both arrested in connection with Annie’s death. In October 2008, while the mother was incarcerated, she gave birth to the subject child, Angela N.L. (hereinafter Angela). The Administration for Children’s Services (hereinafter ACS) commenced the instant proceeding alleging that both parents derivatively severely abused Angela.
 

 The father was convicted of manslaughter in the second degree and endangering the welfare of a child in connection with Annie’s death. Based on the criminal conviction, in an order of fact-finding dated October 23, 2013, the Family Court granted that branch of ACS’s motion which was for summary judgment on the issue of whether the father derivatively severely abused Angela and found that the father derivatively severely abused Angela. The father appeals from this order of fact-finding.
 

 The mother, for whom criminal charges were dismissed, proceeded to a fact-finding hearing, at which she denied that either she or the father had done anything to physically harm Annie. She testified that Annie “softened,” without providing an explanation for Annie’s injuries. The medical examiner who performed an autopsy on Annie testified that Annie could not have spontaneously sustained her injuries for no reason. She also testified that Annie would have had immediate symptoms as soon as she sustained her injuries, such as lethargy, limpness, vomiting, and fever, and that Annie’s injuries could have been inflicted up to three days before the parents brought her to the hospital. She further testified that Annie had sustained a rib fracture approximately two weeks before her death. In an order of fact-finding dated March 3, 2015, the Family Court found that the mother derivatively severely abused Angela.
 

 In an order dated March 10, 2015, after a permanency hearing, the Family Court changed the permanency goal for Angela from return to parent to placement for adoption. The mother appeals from this order. In an order dated May 27, 2015, the court denied the mother’s motion for a psychological evaluation of Angela. The mother appeals from this order. In a second order dated May 27, 2015, the court granted ACS’s motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the parents and Angela are no longer required. Both parents appeal from this order. In an order of disposition, also dated May 27, 2015, upon the orders of fact-finding and after a dispositional hearing, the court placed Angela in the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing. Both parents appeal from the order of disposition.
 

 The Family Court properly granted that branch of ACS’s motion which was for summary judgment on the issue of whether the father derivatively severely abused Angela. The father’s conviction of manslaughter in the second degree in connection with Annie’s death established, prima facie, that he derivatively severely abused Angela (see Social Services Law § 384-b [8] [a] [iii]; Family Ct Act § 1051 [e]; Matter of Natalia J. [Clarence T.], 145 AD3d 889, 890 [2016]; Matter of Yamillette G. [Marlene M.], 74 AB3d 1066, 1067 [2010]). In opposition, the father failed to raise a triable issue of fact (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]).
 

 The Family Court also properly found that the mother derivatively severely abused Angela. “A parent who stands by while others inflict harm may be found responsible for that harm. And, derivative findings of abuse may be predicated upon the common understanding that a parent whose judgment and impulse control are so defective as to harm one child in his or her care is likely to harm others as well” (Matter of Amirah L. [Candice J.], 118 AD3d 792, 793 [2014] [citation and internal quotation marks omitted]; see Family Ct Act § 1012 [e] [ii]; Matter of Marino S., 100 NY2d 361, 374 [2003]). A child is “severely abused” by his or her parent if, among other things, “the child has been found to be an abused child as a result of reckless or intentional acts of the parent committed under circumstances evincing a depraved indifference to human life, which result in serious physical injury to the child as defined in subdivision ten of section 10.00 of the penal law” (Social Services Law § 384-b [8] [a]; see Family Ct Act § 1051 [e]). A finding of severe abuse must be supported by clear and convincing evidence (see Family Ct Act § 1051 [e]).
 

 The evidence at the fact-finding hearing established that Annie sustained a rib fracture approximately two weeks before her death. ACS also presented evidence that Annie sustained retinal hemorrhages, a subdural hemorrhage, and a skull fracture with a severe brain injury, likely caused by nonac-cidental head trauma with acceleration injuries, while in the exclusive care of the mother and the father. The medical examiner concluded that Annie’s death was a homicide, and that the injuries could not have been sustained spontaneously. ACS also submitted the father’s criminal conviction as evidence. The medical examiner testified that the injuries could have been inflicted as early as three days before Annie was brought to the hospital, and that Annie would have shown immediate symptoms of her injuries, such as lethargy, limpness, vomiting, and fever. This evidence was sufficient to establish, by clear and convincing evidence, that the mother acted recklessly under circumstances evincing a depraved indifference to human life (see Matter of Amirah L. [Candice J.], 118 AD3d at 793-794).
 

 Contrary to the mother’s contention, the Family Court properly changed the permanency goal for Angela from return to parent to placement for adoption. In light of the mother’s failure to address the reason that Angela was placed in foster care, including her continued insistence that neither she nor the father did anything to injure Annie, the court’s determination that it was in the best interests of Angela to change the permanency goal to placement for adoption was supported by a sound and substantial basis in the record (see Matter of Diceir D.R.R. [Takeyia J.], 114 AD3d 948 [2014]; Matter of Kobe D. [Kelli F.], 97 AD3d 947, 948 [2012]; Matter of Michael D. [Antionette R.], 71 AD3d 1017, 1018 [2010]).
 

 Also contrary to the mother’s contention, the Family Court providently exercised its discretion in denying her motion for a psychological evaluation of Angela (see Family Ct Act § 1038 [c]; Matter of Ameillia RR. [Megan SS. — Jered RR.], 112 AD3d 1083, 1086 [2013]; Matter of Dawn H., 221 AD2d 235 [1995]; Matter of Mitchell P., 216 AD2d 202, 203 [1995]).
 

 Contrary to the contentions of the mother and the father, the Family Court properly granted ACS’s motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the parents and Angela are no longer required. As a result of the finding that the mother and the father derivatively severely abused Angela, reasonable efforts to make it possible for Angela to return safely to her home would not be required “unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future” (Family Ct Act § 1039-b [b]; see Family Ct Act § 1012 [j]). Here, the parents failed to meet their burden of establishing that reasonable efforts would be in the best interests of Angela, not contrary to the health and safety of Angela, and would likely result in the reunification of them and Angela in the foreseeable future (see Matter of Keishaun P. [Tyrone P.], 140 AD3d 1171, 1173 [2016]; Matter of Skyler C. [Satima C.], 106 AD3d 816, 817 [2013]).
 

 Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.