Matter of Karmer A. E. (Carlos A. E.) (2018 NY Slip Op 00831)





Matter of Karmer A. E. (Carlos A. E.)


2018 NY Slip Op 00831


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-01763
 (Docket No. B-8956-15)

[*1]In the Matter of Karmer A. E. (Anonymous). Little Flower Children and Family Services, respondent; 
and
Carlos A. E. (Anonymous), appellant.


Francine Shraga, Brooklyn, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Sara H. Reisberg of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Queens County (Emily Ruben, J.), dated December 23, 2016. The order of fact-finding and disposition, upon an order of that court dated May 23, 2016, granting the petitioner's motion for summary judgment on the issue of whether the father severely abused the subject child, and after a dispositional hearing, terminated the father's parental rights and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed.
On March 19, 2013, Carlos A. E., who is the biological father of the subject child, killed the child's mother while the child was in the home. The child was then placed in a kinship foster home. The father was convicted of manslaughter in the first degree in connection with the mother's death. A proceeding was commenced under article 10 of the Family Court Act, and a finding was made that the child was a severely abused child. The agency then commenced this proceeding to terminate the father's parental rights. The Family Court granted the agency's motion for summary judgment on the issue of whether the father severely abused the child and, following a dispositional hearing, granted the petition to terminate the father's parental rights. The father appeals.
The Family Court properly granted the petitioner's motion for summary judgment on the issue of whether the father severely abused the child (see Social Service Law § 384-b[8][a][iv][d]; Matter of Noah E. P. [Wesley P.], 132 AD3d 875; Matter of Rodney J.R. [Rodney R.], 123 AD3d 727). Furthermore, the court properly determined that it was in the child's best interests to terminate the father's parental rights (see Matter of Zechariah J. [Valrick J.], 84 AD3d 1087; Matter of Amber D.C. [Angelica C.], 79 AD3d 865). Termination of parental rights will free the child for adoption, providing him with the opportunity to have a permanent family (see Matter [*2]of Michael B., 80 NY2d 299; Matter of Zechariah J. [Valrick J.], 84 AD3d at 1088).
The father's remaining contentions are without merit.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court