Matter of Dave R. (Sheetal R.) (2019 NY Slip Op 05543)





Matter of Dave R. (Sheetal R.)


2019 NY Slip Op 05543


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-08374
 (Docket Nos. N-14490-17, N-14492-17, N-14493-17, N-14494-17)

[*1]In the Matter of Dave R. (Anonymous). Administration for Children's Services, petitioner-respondent; Sheetal R. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Vanamsha R. (Anonymous). Administration for Children's Services, petitioner-respondent; Sheetal R. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Sia R. (Anonymous). Administration for Children's Services, petitioner-respondent; Sheetal R. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Shagun R. (Anonymous). Administration for Children's Services, petitioner-respondent; Sheetal R. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 4)


Mark Diamond, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar), attorney for the children.



DECISION & ORDER
In four related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Emily Ruben, J.), dated June 5, 2018. The order of disposition, after a dispositional hearing and upon an order of the same court dated September 27, 2017, granting the petitioner's motion for summary judgment on the petitions alleging that the mother severely and repeatedly abused the subject children, terminated the mother's parental rights.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In 2016, the mother was convicted, after a jury trial, of assault in the first degree and [*2]endangering the welfare of a child arising from the severe and repeated abuse of her step-daughter, Maya R., for whom the mother was a person legally responsible and who resided in the mother's home with the subject children. Upon filing petitions pursuant to Family Court Act article 10 and following the mother's conviction, the Administration for Children's Services (hereinafter ACS) moved for summary judgment, seeking a finding of severe and repeated abuse against the mother on behalf of the subject children. The Family Court granted ACS's motion for summary judgment, and the mother appeals.
We agree with the Family Court's determination to grant ACS's motion for summary judgment on the issue of the mother's severe and repeated abuse of the subject children. " A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct'" (Matter of Yamillette G. [Marlene M.], 74 AD3d 1066, 1067, quoting Matter of Ajay P., 60 AD3d 681, 683; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182; Matter of Tyreek A. [Franklyn A.], 108 AD3d 527, 527-528). Here, ACS made a prima facie showing warranting summary judgment in its favor based on the mother's conviction and, in opposition, the mother failed to raise a triable issue of fact (see Social Services Law § 384-b[8][a][iii][C]; Family Ct Act § 1051[e]; Matter of Angela N.L. [Ying L.], 153 AD3d 1408, 1410; Matter of Natalia J. [Clarence T.], 145 AD3d 889, 890).
The mother's remaining contentions are without merit.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court