Matter of Aliah J. (Candice J.) (2019 NY Slip Op 05982)





Matter of Aliah J. (Candice J.)


2019 NY Slip Op 05982


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-02690
 (Docket No. N-23006/12)

[*1]In the Matter of Aliah J. (Anonymous). Administration for Children's Services, respondent; Candice J. (Anonymous), appellant.


Barbara J. Caravello, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Deborah A. Brenner of counsel), for respondent.
Rayaaz N. Khan, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated January 25, 2018. The order, insofar as appealed from, granted the petitioner's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the mother and the subject child are no longer required.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The appellant (hereinafter the mother) is the mother of the subject child as well as two half-siblings of the subject child, one of whom was killed in March 2010 by the mother's then-paramour, approximately two years before the subject child was born. The deceased child, who was 19 months old, died of multiple injuries, including various fractures, internal organ injuries, and bleeding, and was found at the time of her death to have older untreated serious injuries, including broken ribs and a broken jaw.
As a result of the death of the deceased child and the mother's acts and omissions in connection with the death, the Administration for Children's Services (hereinafter ACS) filed a petition pursuant to Family Court Act article 10 against the mother, alleging, inter alia, that the mother had derivatively severely abused the surviving half-sibling (hereinafter the oldest child). This Court subsequently found that ACS had proven that the mother severely abused the deceased child and derivatively severely abused the oldest child (see Matter of Amirah L. [Candice J.], 118 AD3d 792, 795). These findings were based upon, inter alia, the mother's acts and omissions in failing to immediately summon emergency medical care for the deceased child despite that child's grave injuries, providing false and misleading information about the nature and circumstances of the injuries to medical personnel who were trying to save the child's life, instructing the oldest child to lie about the circumstances of the injuries, and failing to seek medical care for the deceased child in the weeks prior to the child's death for the earlier untreated serious injuries which, according to a medical expert at the hearing, would have caused the deceased child to noticeably display pain and suffer an inability to chew (see id. at 794).
In October 2012, when the mother gave birth to the subject child, the child was immediately placed in foster care, and ACS again filed a petition pursuant to Family Court Act article 10 against the mother, this time alleging derivative severe abuse of the subject child. Thereafter, the Family Court found that the mother had also derivatively severely abused the subject child based on the mother's conduct in connection with the death of the deceased child. ACS then moved pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the mother with the subject child are no longer required. In an order dated January 25, 2018, after a hearing, the court granted ACS's motion. The mother appeals.
Pursuant to Family Court Act § 1039-b, the Family Court may relieve an agency of its obligation to make diligent efforts to reunite a parent and child where the parent has subjected the child to derivative severe abuse (see Family Ct Act §§ 1012[j]; 1039-b[b][1]; Matter of Angela N.L. [Ying L.], 153 AD3d 1408, 1412; see also Matter of Natalia J. [Clarence T.], 157 AD3d 793, 795) and the parent fails to demonstrate that, despite the severe abuse, "reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future" (Family Ct Act § 1039-b[b]). Here, the record supports the Family Court's determination that the mother failed to meet her burden of establishing that reasonable efforts would be in the best interests of the subject child, would not be contrary to the subject child's health and safety, and would likely result in the reunification of the mother and the subject child in the foreseeable future (see Matter of Natalia J. [Clarence T.], 157 AD3d at 795; Matter of Angela N.L. [Ying L.], 153 AD3d at 1412).
Accordingly, the order should be affirmed.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court