Matter of Nevaeh L. (Katherine L.) (2019 NY Slip Op 08329)





Matter of Nevaeh L. (Katherine L.)


2019 NY Slip Op 08329


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1108 CAF 18-01505

[*1]IN THE MATTER OF NEVAEH L., NICKOLAS B., AND ZACKERY C. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; KATHERINE L., RESPONDENT-APPELLANT. (APPEAL NO. 4.)






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (CONNIE LOZINSKY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
MATTHEW E. BROOKS, LOCKPORT, FOR PETITIONER-RESPONDENT.
LAURA A. MISKELL, LOCKPORT, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Niagara County (Erin P. DeLabio, J.), entered August 14, 2018 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject children in the custody of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 alleging, inter alia, that respondent mother neglected her three children on two occasions after she consumed alcohol to the point that she was unable to care for them. During the first incident, the mother consumed alcohol during the middle of the day and, after seeing her oldest child pour out the remaining alcohol, she locked him out of the house before falling into a sleep from which she could not be awakened. The mother's younger two children, both under the age of 10 at the time, were thus left in the house without any supervision. On the second occasion, the mother again consumed alcohol and, ultimately, the oldest child observed her "passed out" on the couch with empty beer cans next to her.
In appeal No. 1, the mother appeals from a fact-finding order determining that she neglected the subject children. In appeal Nos. 2 and 3, the mother appeals from permanency orders that changed the permanency goals with respect to the children from reunification to adoption. In appeal No. 4, the mother appeals from a final order of disposition that, inter alia, directed that the mother remain under petitioner's supervision and placed the children in petitioner's custody, to reside in foster care with their maternal grandmother and step-grandfather.
As a preliminary matter, appeal No. 1 must be dismissed inasmuch as the appeal from the dispositional order in appeal No. 4 "brings up for review the propriety of a fact-finding order" (Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]; see Matter of Jaime D. [James N.] [appeal No. 2], 170 AD3d 1524, 1525 [4th Dept 2019]). We also note that, although subsequent permanency orders have been entered, appeal Nos. 2 and 3 are not moot inasmuch as the orders in those appeals changed the permanency goals for the children so as to "alter[ ] petitioner's obligations in future permanency hearings from working toward reunification to working toward permanent placement and termination of parental rights" (Matter of Jacelyn TT. [Tonia TT.—Carlton TT.], 80 AD3d 1119, 1120 [3d Dept 2011]; see Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580 [2d Dept 2018]; Matter of Alexander L. [Andrea L.], 109 AD3d 767, 767 [1st Dept 2013], lv dismissed 22 NY3d 1056 [2014]).
Contrary to the mother's contention in appeal Nos. 2, 3 and 4, we conclude that Family Court properly determined that the children were neglected, i.e., that their physical, mental or emotional condition was "in imminent danger of becoming impaired as a result of" the mother's failure to exercise a minimum degree of care "in providing the child[ren] with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]; see generally Nicholson v Scoppetta, 3 NY3d 357, 369-370 [2004]). The children had been removed from the mother's custody in 2013 and placed with her mother and stepfather due to her substance abuse issues, and the mother had relapsed twice before. The children had only recently been returned to the mother's custody when the first of the two incidents occurred. The oldest child, who was 14 years old at the time of the respective incidents, testified at the fact-finding hearing that he and his siblings were afraid of the mother when she consumed alcohol, and his testimony was corroborated by the testimony of the caseworker who interviewed the younger siblings.
Although no actual physical harm befell the children, petitioner established by a preponderance of the evidence (see Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]) that the mother's " pattern' " of relapsing and her behavior while under the influence of alcohol created an imminent danger of emotional or mental impairment to the children (Matter of Amodea D. [Jason D.], 112 AD3d 1367, 1368 [4th Dept 2013]; see generally Nicholson, 3 NY3d at 369-370). This is not a situation where the mother used alcohol or other substances after the children were asleep and thus ignorant of any such use (cf. Matter of Anna F., 56 AD3d 1197, 1198 [4th Dept 2008]). The mother, who had a long history of problems with alcohol, was drinking and "pass[ing] out" when her children were awake and in need of her care (see Matter of Hailey W., 42 AD3d 943, 944 [4th Dept 2007], lv denied 9 NY3d 812 [2007]). We thus conclude that there is a sound and substantial basis to support the court's determination that the mother neglected the children and that they should remain in petitioner's custody (see generally Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1339-1340 [4th Dept 2017], lv denied 31 NY3d 903 [2018]).
We reject the mother's further contention in appeal Nos. 2 and 3 that the court erred in changing the permanency goals for the children to placement for adoption. Petitioner established, by a preponderance of the evidence, that the children would be at risk of neglect if returned to the mother (see generally Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 283 [2017]), and the court's determination that it was in their best interests "to change the permanency goal[s] to placement for adoption was supported by a sound and substantial basis in the record" (Matter of Angela N.L. [Ying L.], 153 AD3d 1408, 1411-1412 [2d Dept 2017]; see Matter of Diceir D.R.R. [Takeyia J.], 114 AD3d 948, 948 [2d Dept 2014], lv denied 23 NY3d 901 [2014]).
To the extent the mother contends in these appeals that the court erred in denying her Family Court Act § 1028 application for the return of her children and asks this Court to return them to her, we note that the appeal from the order denying that application was dismissed (Matter of Nickolas B. [Katherine F.L.], 167 AD3d 1538, 1539 [4th Dept 2018]), and thus we do not address that contention.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court