Matter of Shagun R. (Rajesh R.) (2025 NY Slip Op 00869)

Matter of Shagun R. (Rajesh R.)

2025 NY Slip Op 00869

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-08135
2023-10165
 (Docket Nos. N-14490-17, N-14491-17, N-14492-17, N-14493-17, N-14494-17)

[*1]In the Matter of Shagun R. (Anonymous). Administration for Children's Services, petitioner-respondent; Rajesh R. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Maya R. (Anonymous). Administration for Children's Services, petitioner-respondent; Rajesh R. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Dave R. (Anonymous). Administration for Children's Services, petitioner-respondent; Rajesh R. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3.)
In the Matter of Vanamsha R. (Anonymous). Administration for Children's Services, petitioner-respondent; Rajesh R. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 4.)
In the Matter of Sia R. (Anonymous). Administration for Children's Services, petitioner-respondent; Rajesh R. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 5.)
 Robert E. Silverberg, Forest Hills, NY, for respondent-appellant. 

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Carolyn Silvers, and Andrew T. Ford of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated July 31, 2023, and (2) an order of the same court dated September 28, 2023. The order of fact-finding, after a fact-finding hearing, found that the father severely abused the child Maya R. and derivatively severely abused the children Shagun R., Dave R., Vanamsha R., and Sia R. The order dated September 28, 2023, granted the petitioner's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the father and the children Shagun R., Dave R., Vanamsha R., and Sia R. are no longer required.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated September 28, 2023, is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the father severely abused the child Maya R. and derivatively severely abused the four younger children, Shagun R., Dave R., Vanamsha R., and Sia R. After a fact-finding hearing, the Family Court found that the father severely abused Maya R. and derivatively severely abused the four younger children. The court thereafter granted the petitioner's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the father with the four younger children are no longer required.
A child is "severely abused" by his or her parent if, among other things, "the child has been found to be an abused child as a result of reckless or intentional acts of the parent committed under circumstances evincing a depraved indifference to human life, which result in serious physical injury to the child as defined in subdivision ten of section 10.00 of the penal law" (Social Services Law § 384-b[8][a][i]; see Family Ct Act § 1051[e]). A finding of severe abuse must be supported by clear and convincing evidence (see Family Ct Act § 1051[e]). Derivative findings of abuse may be predicated upon the common understanding that a parent whose judgment and impulse control are so defective as to harm one child in his or her care is likely to harm others as well (see Matter of Marino S., 100 NY2d 361, 374; Matter of Amirah L. [Candice J.], 118 AD3d 792, 793). Children who are not the direct targets of abuse may suffer damage from witnessing the severe abuse of their sibling even where direct injuries are not sustained by those children (see Matter of Marino S., 100 NY2d at 374; Matter of George S. [Hilton A.], 135 AD3d 563, 564).
Here, the petitioner established, by clear and convincing evidence, that the father severely abused Maya R. and derivatively severely abused the four younger children who witnessed the abuse (see Social Services Law § 384-b[8][a][i]; Family Ct Act § 1051[e]; Penal Law § 10.00[10]; Matter of Marino S., 100 NY2d at 374; Matter of Amirah L. [Candice J.], 118 AD3d at 794).
Contrary to the father's contention, the Family Court properly granted the petitioner's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite him with the four younger children are no longer required. Where there is a finding of derivative severe abuse, reasonable efforts to make it possible for the children to return home are not required "unless the court determines that providing reasonable efforts would be in the best interests of the child[ren], not contrary to the health and safety of the child[ren], and would likely result in the reunification of the parent and the child[ren] in the foreseeable future" (id. § 1039-b[b][1]; see § 1012[j]; Matter of Angela N.L. [Ying L.], 153 AD3d 1408, 1412). Here, the father failed to meet his burden of establishing that reasonable efforts would be in the best interests of the children, not contrary to the health and safety of the children, and would likely result in the reunification of the father and the children in the foreseeable future (see Matter of Aliah J. [Candice J.], 174 AD3d 898, 900; Matter of Angela N.L. [Ying L.], 153 AD3d at 1412).
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court