■ In the Matter of G. CHILDREN, Children Alleged to be Neglected. LEROY G., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [739 NYS2d 639] —In a child protective proceeding pursuant to Family Court article 10, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Segal, J.), dated September 8, 2000, as extended placement until June 2, 2001, for the four children, Alice G., Alisa G., Leroy G., and Jenny G., who were determined to be neglected by an order of the same court (Greenbaum, J.), dated September 2, 1997.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The appeal from the order extending placement must be dismissed since that order expired by its own terms and was replaced by subsequent orders extending placement from which no appeals were taken (*see Matter of Susan B.,* 264 AD2d 478). Any corrective measure which this Court might take with respect to the order appealed from would have no practical effect, not only because that order expired, but also because the children are now in the custody of their father and mother (*see Matter of E. Children,* 266 AD2d 391, 392).

Contrary to the father's contentions, the underlying finding of neglect is not reviewable on an appeal from an order extending placement (*see Matter of William C.J.,* 273 AD2d 99). Pursuant to Family Court Act § 1113, an appeal must be taken no later than 30 days after receipt of the order by the appellant in court or 35 days from the mailing of the order to the appellant by the clerk of the court, whichever is earlier. No appeal was taken from the order of disposition dated September 2, 1997. Had the father wished to contest the finding of neglect, he should have appealed from the order of disposition within the time frame set forth in Family Court Act § 1113. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.