■ In the Matter of DARLENE L., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; URSULA L. et al., Appellants. (Proceeding No. 1.) In the Matter of GUY L., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; URSULA L. et al., Appellants. (Proceeding No. 2.) In the Matter of JENNIFER L., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; URSULA L. et al., Appellants. (Proceeding No. 3.) In the Matter of KRISTA L., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; URSULA L. et al., Appellants. (Proceeding No. 4.) In the Matter of NICHOLAS L., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; URSULA L. et al., Appellants. (Proceeding No. 5.) In the Matter of VINCENT L., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; URSULA L. et al., Appellants. (Proceeding No. 6.) [831 NYS2d 500]—

In related proceedings pursuant to Family Court Act article 10 and Social Services Law § 384-b, the mother appeals from (1) so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated January 5, 2005, as, after a hearing, found that she had abused and neglected Krista L. and derivatively neglected Darlene L., Guy L., Jennifer L., Nicholas L., and Vincent L., and placed the children in the custody of the Suffolk County Department of Social Services for a period of nine months, (2) an order of fact-finding and disposition of the same court dated September 30, 2005, which, af-

ter a hearing, inter alia, extended the placement of the children for one year and established, as the permanency goal for the subject children, their placement for adoption, and (3) so much of six orders of disposition (one paper as to each child) of the same court all dated March 1, 2006, as, after a hearing, found that the father had permanently neglected the children, placed them in the guardianship and custody of the Suffolk County Department of Social Services for the purpose of adoption, and freed them for adoption, and the father separately appeals from (1) so much of the order of fact-finding and disposition dated January 5, 2005, as, after a hearing, found that he had abused and neglected Krista L. and derivatively neglected Darlene L., Guy L., Jennifer L., Nicholas L., and Vincent L., and placed the children in the custody of the Suffolk County Department of Social Services for a period of nine months, (2) so much of an order of fact-finding and disposition of the same court dated February 28, 2006, as, after a hearing, terminated his parental rights as to the subject children and placed the children in the guardianship and custody of the Suffolk County Department of Social Services for the purpose of adoption, and (3) so much of the six orders of disposition (one paper as to each child) of the same court all dated March 1, 2006, as, after a hearing, found that he had permanently neglected the children, placed them in the guardianship and custody of the Suffolk County Department of Social Services for the purpose of adoption, and freed them for adoption.

Ordered that on the court's own motion, the notices of appeal from a decision of the same court dated January 3, 2005, are deemed premature notices of appeal from the order of fact-finding and disposition dated January 5, 2005 (*see* CPLR 5520 [c]), and the mother's notice of appeal from the order of fact-finding and disposition dated February 28, 2006, is deemed a premature notice of appeal from the six orders of disposition dated March 1, 2006 (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeals from the order of fact-finding and disposition dated January 5, 2005, are dismissed, as that order was superseded by the order of fact-finding and disposition dated February 28, 2006; and it is further,

Ordered that the appeal from the order dated September 30, 2005, is dismissed, as the portion of that order which extended the placement of the children has been rendered academic, and the remainder of that order has been superseded by the order of fact-finding and disposition dated February 28, 2006; and it is further,

Ordered that the appeal from the order of fact-finding and

disposition dated February 28, 2006, is dismissed, as that order has been superseded by the six orders of disposition dated March 1, 2006; and it is further,

Ordered that the mother's appeal from so much of the six orders of disposition (one paper as to each child) dated March 1, 2006, as found that the father had permanently neglected the children is dismissed, as the mother is not aggrieved thereby; and it is further,

Ordered that the six orders of disposition dated March 1, 2006, are affirmed insofar as appealed from by the father, and affirmed insofar as reviewed with respect to the appeal by the mother, without costs or disbursements.

We decline to review the parents' arguments regarding the emergency hearing held on August 20, 2004, pursuant to which the petitioner Suffolk County Department of Social Services sought the temporary removal of their children pursuant to Family Court Act § 1022, because the parents consented to the temporary removal of the children at a hearing held five days later pursuant to Family Court Act § 1027, thereby effectively waiving any issues with respect to the hearing held pursuant to Family Court Act § 1022. Since no appeal was taken from the ensuing order, dated August 20, 2004, directing the temporary removal of the children (see Matter of G. Children, 293 AD2d 470, 471 [2002]; Family Court Act § 1113), and the children were in fact temporarily removed, those issues have been rendered academic in any event.

Contrary to the parents' contentions, the petitioner met its burden of establishing, by a preponderance of the evidence, that a plan to change the permanency goal to adoption was in the children's best interests (see Matter of Amanda C., 309 AD2d 744 [2003]). Great deference is accorded the Family Court, which saw and heard the witnesses, and its findings will not be disturbed unless they lack a substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167 [1982]). Here, the record supports the Family Court's finding that the physician of the child Krista provided assistance to the mother in obtaining a second opinion regarding the course of treatment for Krista, but the mother failed to schedule the necessary tests. In addition, the offensive odor and filthy state of the parents' home, along with the serious medical condition and lack of hygiene from which Krista suffered at the time she was rushed to the hospital on August 17, 2004, support the Family Court's determination.

In a proceeding to terminate parental rights based upon permanent neglect, the threshold consideration is whether the agency discharged its statutory obligation to exercise diligent ef-

forts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7]; *Matter of Gregory B.*, 74 NY2d 77, 86 [1989]; *Matter of Jamie M.*, 63 NY2d 388, 390 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 383 [1984]). Here, the petitioner's caseworker testified regarding the numerous efforts she made on behalf of the petitioner to strengthen the relationship between the parents and the children, including providing the parents with a list of psychotherapy agency referrals, arranging for them to have a mental health evaluation, putting in a referral for homemaking services provided by the petitioner, and arranging for supervised visitation once a week. This testimony satisfied the statutory requirement that the agency make reasonable attempts to assist, develop, and encourage a meaningful relationship between the parents and the children (see *Matter of Star Leslie W.*, 63 NY2d 136, 145 [1984]; *Matter of Regina M.C.*, 139 AD2d 929, 930 [1988]).

In addition, Social Services Law § 384-b (7) (a) and (c) require a parent to substantially plan for the future of his or her children (see *Matter of Star Leslie W., supra* at 142-143). Where a parent fails to take advantage of the services and resources made available to him or her, and repeatedly disregards the advice of the agency, a court may find that a parent has not met his or her obligation to plan for the future of the children (see Social Services Law § 384-b [7] [c]; *Matter of Gregory Michael M.*, 167 AD2d 469, 470-471 [1990]; *Matter of June Y.*, 128 AD2d 538, 539 [1987]). Here, while the parents, particularly the mother, took some steps to comply with the programs, her efforts frequently were not carried through to completion. Moreover, her continued attempt to cast primary blame for Krista's condition upon Krista's physician is consistent with her lack of insight into the reason the children were removed from her home. Under these circumstances, the Family Court properly found that the parents had permanently neglected their children and, on that basis, terminated their parental rights (see *Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Joseph ZZ.*, 245 AD2d 881, 883 [1997]).

The parents' remaining contentions are without merit. Schmidt, J.P., Spolzino, Krausman and Balkin, JJ., concur.