■ In the Matter of TRANSITIONAL SERVICES OF NEW YORK FOR LONG ISLAND, INC., Respondent-Appellant, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Appellants-Respondents. [843 NYS2d 353]—

In a proceeding pursuant to CPLR article 78 to review a de-

termination of the New York State Office of Mental Health dated January 26, 2004, finding, inter alia, that it was entitled to recoup the sum of $563,820 in "excess" Medicaid funds received by the petitioner from 1999 to 2002, and to review a determination of the New York State Office of Mental Health dated April 19, 2004, finding, among other things, that the rental cost of two apartments was not reimbursable pursuant to Mental Hygiene Law § 41.38, the New York State Office of Mental Health, Sharon E. Carpinello, as Commissioner of the New York State Office of Mental Health, and Norm Aldrich, as Director, Contracts and Claims Unit, New York State Office of Mental Health, appeal from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered March 27, 2006, which, upon a decision of the same court dated March 31, 2005, inter alia, granted the petition and annulled the determinations, and the petitioner cross-appeals from so much of the same judgment as is in its favor and against the New York State Office of Mental Health, Sharon E. Carpinello, and Norm Aldrich in the principal sum of only $208,273.04.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to annul the determination dated January 26, 2004, and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements, and the determination dated January 26, 2004 is confirmed.

The petitioner is a not-for-profit corporation that provides "community-based housing" and "support services" to the mentally ill. The petitioner provides its clients with housing in group homes, as well as "community-based" garden apartments.

The New York State Office of Mental Health (hereinafter OMH) is authorized by Mental Hygiene Law § 41.44 (c) to give an agency such as the petitioner "state aid" for the "net operating costs of [its] community residences." In addition, OMH is authorized by Mental Hygiene Law § 41.38 to "reimburse" an agency such as the petitioner "for the reasonable cost of rental" or ownership of "a community residence or a residential care center for adults." Since 1996 OMH has provided the petitioner with funding pursuant to these provisions.

In calculating the amount of state aid it grants pursuant to Mental Hygiene Law § 41.38 for a particular year, OMH first determines the agency's "approved" operating costs. From this, OMH subtracts the agency's anticipated revenue, which includes Medicaid funding that the agency expects to receive. The resultant amount is the amount of state aid granted.

OMH has issued certain guidelines which contain a "recoupment policy" with respect to "excess" Medicaid funds. In this regard, OMH's guidelines provide that if an agency such as the petitioner was to receive more Medicaid funds than anticipated, OMH would be entitled to recoup 50% of those excess funds.

In 2003 OMH informed the petitioner that certain audits revealed that OMH was entitled to recoup the sum of $563,820 in excess Medicaid funds that the petitioner had received from 1999 to 2002. The petitioner then voiced a concern to OMH about the validity of its recoupment policy. In addition, OMH had not reimbursed the petitioner for the rental cost of two "staff apartments" that were at its garden apartments, and the petitioner took the position that it was entitled under Mental Hygiene Law § 41.38 to offset the recoupment sum of $563,820 by that cost.

However, in a letter to the petitioner dated January 26, 2004, OMH determined that it was going to adhere to its recoupment policy, that it was entitled to recoup the sum of $563,820, and that it would begin diverting a percentage of the petitioner's Medicaid funds until that sum was recouped. Thereafter, in a letter dated April 19, 2004, OMH, among other things, determined that it would not reimburse the petitioner for the rental cost of the staff apartments.

The petitioner then commenced the instant proceeding seeking to review the aforementioned determinations. In the judgment appealed and cross-appealed from, the Supreme Court granted the petition, annulled both determinations, and awarded the petitioner the principal sum of $208,273.04, representing the reimbursement of expenses for the petitioner's staff apartments. We modify.

The Supreme Court, which found that OMH's recoupment policy lacked "statutory authorization" and a "rational basis," held that OMH's determination to recoup the sum of $563,820 was arbitrary and capricious (see CPLR 7803 [3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). However, the recoupment policy was contained in OMH's guidelines, which were issued pursuant to Mental Hygiene Law § 41.44 (c), and the petitioner agreed to the guidelines. Furthermore, the recoupment policy serves a valid purpose, as it effectively allows OMH to recoup an overpayment of state funds. Thus, OMH's determination dated January 26, 2004, which was based on the recoupment policy's application, had a rational basis, and therefore, should not have been annulled (see Matter of Pell v Board of Educ. of Union Free School

*Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 230-231).

However, the Supreme Court correctly annulled OMH's determination dated April 19, 2004, which, inter alia, found that the rental cost of the staff apartments was not reimbursable. The petitioner maintains, and OMH does not dispute, that those apartments were "used to provide support services" for the petitioner's clients, and thus, were used to provide services that an operator of an adult residential program is required to provide (*see* 14 NYCRR 595.12 [e]). Accordingly, the cost of renting those apartments must be considered a part of the "reasonable cost of rental of . . . a community residence or a residential care center for adults" (Mental Hygiene Law § 41.38), and thus, OMH's determination that the rental cost was not reimbursable lacked a rational basis (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 230-231).

The parties' remaining contentions are without merit. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.