■ In the Matter of CRISTELLA B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANA A. et al., Respondents; SHANNON et al., Nonparty Respondents; ROBERT C. MITCHELL, Nonparty Appellant. (Proceeding No. 1.) In the Matter of ELIZABETH B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANA A. et al., Respondents; SHANNON et al., Nonparty Respondents; ROBERT C. MITCHELL, Nonparty Appellant. (Proceeding No. 2.) In the Matter of JOSE B. SUFFOLK

COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANA A. et al., Respondents; SHANNON et al., Nonparty Respondents; ROBERT C. MITCHELL, Nonparty Appellant. (Proceeding No. 3.) [884 NYS2d 773]—

In three related child protective proceedings pursuant to Family Court Act article 10, the attorney for the children appeals, as limited by his brief, from (1) so much of an order of the Family Court, Suffolk County (Tarantino, J.), dated November 21, 2008, as amended by an order dated December 5, 2008, as fixed a schedule for visitation, and (2) so much of an order of the same court dated January 20, 2009, as, after a permanency hearing, in effect, approved the permanency goal of returning the children to the parents and directed that the children be returned to the care and custody of the parents on January 30, 2009. By decision and order on motion of this Court dated February 17, 2009 [2009 NY Slip Op 63684(U)], as amended by a decision and order on application of this Court dated March 31, 2009 [2009 NY Slip Op 68159(U)], enforcement of the order dated January 20, 2009, was stayed to the extent that the children were remanded to the custody of the Suffolk County Department of Social Services for their continued placement with their foster family pending hearing and determination of the appeals.

Ordered that the appeal from the order dated November 21, 2008, as amended by the order dated December 5, 2008, is dismissed as abandoned (see 22 NYCRR 670.8 [h]); and it is further,

Ordered that the order dated January 20, 2009 is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

The subject children Cristella B., Elizabeth B., and Jose B. were removed from their biological parents in September 2006 as a result of allegations that, among other things, the older siblings of the subject children sexually abused Cristella, and that the mother, Ana A., failed to protect Cristella from that abuse. After a hearing, the Family Court found that the mother

neglected Cristella, and derivatively neglected Elizabeth and Jose. The subject children were then placed into nonkinship foster care. No finding of neglect was entered against the biological father, Dolores B.

At a contested permanency hearing pursuant to Family Court Act § 1089, the Suffolk County Department of Social Services (hereinafter the petitioner) sought to have the Family Court approve the permanency goal of returning the children to their parents. The petitioner argued that the children were not yet ready to be reunited with their parents. In contrast, the attorney for the children asserted that, with respect to Cristella, the appropriate permanency goal should be placement in another permanent living arrangement, and that for Elizabeth and Jose, the appropriate permanency goal was adoption by the foster parents. Following the hearing, the Family Court, in an order dated January 20, 2009, inter alia, approved the goal of returning all of the subject children to their parents, and directed that the subject children were to be returned to the parents on January 29, 2009. The attorney for the subject children appeals, and we reverse.

Family Court Act article 10-A governs permanency hearings for children placed outside of their homes. The purpose of the article is "to provide children placed out of their homes timely and effective judicial review that promotes permanency, safety and well-being in their lives" (Family Ct Act § 1086). Family Court Act § 1089 (d) provides that "[a]t the conclusion of each permanency hearing, the court shall, upon the proof adduced . . . in accordance with the best interests and safety of the child . . . determine and issue its findings, and enter an order of disposition in writing." Under the statute, the Family Court is given authority to "[approve] . . . or [modify]" the permanency goal, which may be "return to parent," "placement for adoption," "permanent placement with a fit and willing relative," or "placement in another planned permanent living arrangement that includes a significant connection to an adult willing to be a permanency resource for the child" (Family Ct Act § 1089 [d] [2] [i] [A], [B], [D], [E]; see Matter of Amber B., 50 AD3d 1028, 1029 [2008]). At a permanency hearing, the petitioner bears the burden of establishing the appropriateness of a permanency goal, or a goal change, by a preponderance of the evidence (see Matter of Amber B., 50 AD3d at 1029; Matter of Nigel S., 44 AD3d 673 [2007]; Matter of Darlene L., 38 AD3d 552, 554 [2007]).

Under the circumstances, the permanency goal of returning the children to their parents is not in the children's best

interests. Notwithstanding the purported efforts of the parents to re-establish a positive relationship with their children, none of the children are likely to successfully reintegrate into their parents' household in the near future.

Even though the offending older siblings either are incarcerated or have been deported, the trauma of their sexual attacks on Cristella, and derivatively, her siblings, Elizabeth and Jose, combined with mother's refusal to believe Cristella, intercede on her behalf, or protect her, has not yet been erased. In light of the passage of time since the last permanency hearing, a new hearing should be promptly scheduled after psychiatric/ psychological forensic evaluations and a home study are conducted to allow a complete review of all available options that would promote the best interests of the children, including, but not limited to, the adoption of one or more of the children.

In addition, the Family Court erred in directing the petitioner to return the subject children to the parents' care and custody on January 29, 2009. At the hearing, evidence was adduced demonstrating that Cristella was reluctant to return to her parents' home. Furthermore, the evidence demonstrated that Elizabeth and Jose preferred not to visit with the parents and that they wished to be adopted by their foster parents. Indeed, Elizabeth and Jose were rude and disrespectful towards their mother during the visits. The evidence indicates that the subject children were upset that their parents failed to protect them from the abusive conduct which led to their removal from the parents' care in the first instance. Moreover, the therapists who treated the subject children and supervised the visits opined that the mother was not currently capable of meeting the needs of the children, in part because Elizabeth and Jose did not have an attachment to her and because she had difficulty in understanding what the children had experienced. In light of these factors, it was not in the children's best interests to be immediately returned to the parents' care, and the Family Court's decision to return the subject children to the parents on January 29, 2009, was premature.

The remaining contentions of the attorney for the children are without merit. Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.