Appeals from (1) an order of fact-finding of the Family Court, Queens County (Carol Ann Stokinger, J.), dated September 6, 2016, (2) an order of disposition of that court dated November 1, 2016, and (3) a permanency hearing order of that court dated November 2, 2016. The order of fact-finding, after a hearing, found that the father neglected the subject child. The order of disposition, after a combined permanency and dispositional hearing, released the child to the custody of the child’s maternal grandparents until the completion of the next permanency hearing, which was to commence on April 24, 2017. The permanency hearing order directed that the child’s permanency goal is to be achieved by April 24, 2017.
 

 Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is farther,
 

 Ordered that the appeal from so much of the order of disposition as placed the subject child with her maternal grandparents until the completion of the next permanency hearing, and the appeal from the permanency hearing order are dismissed as academic, without costs or disbursements; and it is further,
 

 Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
 

 The appeal from so much of the order of disposition as placed the subject child in the custody of her maternal grandparents until the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired (see Matter of Jemima M. [Aura M.], 151 AD3d 862 [2017]; Matter of Justin P. [Damien P.], 148 AD3d 903 [2017]). However, the appeal from that portion of the order of disposition which brings up for review the finding that the father neglected the child is not academic, since the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father’s status in future proceedings (see Matter of Jemima M. [Aura M.], 151 AD3d 862 [2017]; Matter of Justin P [Damien P], 148 AD3d at 904). In addition, the permanency hearing order has been superseded by a subsequent permanency order dated May 11, 2017, from which no appeal has been taken. Accordingly, the appeal from the permanency hearing order dated November 2, 2016, must be dismissed as academic (see Matter of Serena H. [Melanie F.], 141 AD3d 522 [2016]).
 

 In March 2015, the Administration for Children’s Services commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the child by subjecting the mother to domestic violence in the child’s presence. After a fact-finding hearing, the Family Court found by a preponderance of the evidence that the father neglected the child. The father appeals.
 

 “To establish neglect, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm ... is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship” (Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1130 [2012]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). The Family Court’s credibility determinations are entitled to great deference on appeal (see Matter of Zephyr D. [Luke K.], 148 AD3d 1013, 1014 [2017]).
 

 Here, contrary to the father’s contention, a preponderance of the evidence established that he neglected the child by engaging in certain acts of domestic violence in the child’s presence which impaired, or created an imminent danger of impairing, her physical, mental, or emotional condition (see Matter of Eugene S. [Priscilla E.], 114 AD3d 691 [2014]; Matter of Kiara C. [David C.], 85 AD3d 1025 [2011]).
 

 Rivera, J.P., Cohen, Miller and Barros, JJ., concur.