Matter of Victoria B. (Jonathan M.) (2018 NY Slip Op 05675)





Matter of Victoria B. (Jonathan M.)


2018 NY Slip Op 05675


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-10363
 (Docket Nos. N-1206-15, N-1207-15)

[*1]In the Matter of Victoria B. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; 
and
Jonathan M. (Anonymous), appellant, et al., respondent.


Carol Carozza, New Rochelle, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda M. Trentacoste of counsel), for petitioner-respondent.
Lisa F. Colin, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from a permanency hearing order of the Family Court, Westchester County (Maria-Alana Recine, Ct. Atty. Ref.), dated August 30, 2017. The order, insofar as appealed from, after a hearing, continued the subject child's placement in the custody of the Commissioner of Social Services of Westchester County, changed the permanency goal from reunification to placement for adoption, and directed the filing of a petition to terminate the father's parental rights.
ORDERED that the appeal from so much of the permanency hearing order as continued the subject child's placement in the custody of the Commissioner of Social Services of Westchester County is dismissed as academic, without costs or disbursements; and it is further,
ORDERED the permanency hearing order is affirmed insofar as reviewed, without costs or disbursements.
The subject child was removed from her parents' care and placed in the custody of the Commissioner of Social Services of Westchester County (hereinafter the Commissioner) shortly after her birth (see Matter of Victoria B. [Jonathan M.], 161 AD3d 1145). In an order of fact-finding and disposition dated March 9, 2017, the Family Court determined that the child was neglected and derivatively neglected by the father and directed that she remain in the custody of the Commissioner (see id.). This Court affirmed the order of fact-finding and disposition insofar as appealed from (see id.).
After issuing the order of fact-finding and disposition, the Family Court held a permanency hearing. In a permanency hearing order dated August 30, 2017, the court changed the permanency goal from reunification to placement for adoption and continued the child's placement in the custody of the Commissioner until the completion of the next permanency hearing or pending further order of the court. The order also directed the filing of a petition to terminate the father's [*2]parental rights. The father appeals.
On January 10, 2018, and May 4, 2018, the Family Court issued permanency hearing orders continuing the child's placement and the permanency goal of placement for adoption. The father has not appealed from the January or May 2018 permanency hearing orders.
"It is a fundamental principle of [this Court's] jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 198 [internal quotation marks omitted]). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (id. at 198-199 [internal quotation marks omitted]). "Put another way, because courts are not in the business of issuing advisory opinions, they generally will refrain from deciding the merits of a matter unless an adjudication of the merits will result in immediate and practical consequences to the parties" (id. at 199 [internal quotation marks omitted]). Thus, "[t]he mootness doctrine precludes courts from considering questions which, although once active, have become academic by the passage of time or by a change in circumstances" (Matter of Melinda D., 31 AD3d 24, 28).
Here, the appeal is academic insofar as the permanency hearing order dated August 30, 2017, continued the child's placement with the Commissioner. This portion of the order has already expired. The child's placement was to last until the completion of the next permanency hearing or pending further order of the Family Court, and two permanency hearings have been held since the August 30, 2017, order (see Matter of Jayline J. [Jarren J.], 156 AD3d 701, 701; Matter of Elizabeth C. [Omar C.], 156 AD3d at 198-199; Matter of Agam B. [Janna W.], 143 AD3d 702, 702-703; Matter of Grayson J. [Sharon H.], 119 AD3d 575, 576; Matter of Tsulyn A. [Deborah A.], 90 AD3d 748, 748; Matter of Tramel V., 52 AD3d 520, 520-521; Matter of Melinda D., 31 AD3d at 28). Therefore, a decision from this Court on this issue would not "result in immediate and practical consequences to the parties" (Matter of Elizabeth C. [Omar C.], 156 AD3d at 199 [internal quotation marks omitted]).
However, we conclude that the portions of the August 30, 2017, permanency hearing order which changed the permanency goal from reunification to placement for adoption and directed the filing of a petition to terminate the father's parental rights are not academic. We agree with our colleagues in the First and Third Departments that since the permanency goal was changed so as to alter the objectives to be sought by the petitioner in the course of future permanency proceedings from working toward reunification to working toward permanent placement and termination of parental rights, any new orders would be the direct result of the order appealed from, and the issue of whether the order appealed from was proper will continue to affect the father's rights (see Matter of Jacelyn TT. [Tonia TT.—Carlton TT.], 80 AD3d 1119, 1120; see also Matter of Justyce HH. [Andrew II.] 136 AD3d 1181; accord Matter of Alexander L. [Andrea L.], 109 AD3d 767). To the extent that cases such as Matter of Angelo O. (41 AD3d 605) are to the contrary, they should no longer be followed.
"Family Court Act article 10-A governs permanency hearings for children placed outside of their homes" (Matter of Cristella B., 65 AD3d 1037, 1039). "The purpose of the article is to provide children placed out of their homes timely and effective judicial review that promotes permanency, safety and well-being in their lives'" (id. at 1039, quoting Family Ct Act § 1086). Article 10-A "establishes a system of permanency hearings' for children who have been removed from parental custody" (Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 283). The hearings are "scheduled at six-month intervals" (id. at 283; see Family Ct Act § 1089[a][3]). "At the conclusion of each hearing, Family Court enters an order of disposition, schedules a subsequent hearing, and may also consider whether the permanency goal should be approved or modified" (Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283). Permissible permanency goals include returning the child to a parent or placing the child for adoption (Family Ct Act § 1089[d][2][i]).
"At a permanency hearing, the petitioner bears the burden of establishing the appropriateness of a permanency goal, or a goal change, by a preponderance of the evidence" (Matter of Cristella B., 65 AD3d at 1039). "Great deference is accorded the Family Court, which saw and heard the witnesses, and its findings will not be disturbed unless they lack a substantial basis in the record" (Matter of Darlene L., 38 AD3d 552, 554). The Family Court's determinations following a permanency hearing "must be made in accordance with the best interests and safety of the child, including whether the child would be at risk of abuse or neglect if returned to the parent'" (Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283, quoting Family Ct Act § 1089[d]).
Here, contrary to the petitioner's contention, the father's arguments are preserved for appellate review. However, the father's arguments are without merit, as the petitioner established by a preponderance of the evidence that modifying the permanency goal from reunification to placement for adoption was in the child's best interests (see Family Ct Act § 1089[d]; Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283; Matter of Cristella B., 65 AD3d at 1039). The petitioner presented evidence that the father has not fully addressed the issue that led to the removal of the child from his custody shortly after her birth, namely, the father's relationship with the mother (see Matter of Victoria B. [Jonathan M.], 161 AD3d at 1146; Matter of Angela N.L. [Ying L.], 153 AD3d 1408, 1411-1412; Matter of Jennifer R., 29 AD3d 1003, 1004-1005). The Family Court, which saw and heard the witnesses, was permitted to credit the petitioner's evidence on this matter rather than the father's testimony denying any contact with the mother (see Matter of Darlene L., 38 AD3d at 554). Furthermore, the petitioner presented evidence that the father had not progressed in his parenting sessions, that one organization terminated his parenting sessions through that organization because of his lack of progress, that he had not progressed to unsupervised visitation with the child, and that the child had been in foster care since shortly after her birth in January 2015, a period of more than 30 months from the issuance of the permanency hearing order appealed from (see Matter of Victoria B. [Jonathan M.], 161 AD3d at 1146; Matter of Michael D. [Antoinette R.], 71 AD3d 1017, 1018; Matter of Jennifer R., 29 AD3d at 1004-1005; cf. Matter of Nazier B. [Anita B.], 96 AD3d 1049, 1051). In light of this evidence, the court's modification of the permanency goal from reunification to placement for adoption, and its direction that a termination of parental rights proceeding be commenced against the father, were supported by a sound and substantial basis in the record (see Family Ct Act § 1089[d]; Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283; Matter of Cristella B., 65 AD3d at 1039).
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court