Matter of Peter T. (Shay S. P.) (2019 NY Slip Op 04953)





Matter of Peter T. (Shay S. P.)


2019 NY Slip Op 04953


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-09769
 (Docket Nos. N-8834-16, N-8835-16)

[*1]In the Matter of Peter T. (Anonymous), Jr. Westchester County Department of Social Services, petitioner-respondent; Shay S. P. (Anonymous), etc., appellant, et al., respondent.


George E. Reed, Jr., White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Stacey Dolgin-Kmetz, Linda M. Trentacoste, Gregory G. Meyer, and David Chen of counsel), for petitioner-respondent.
Gloria M. Marchetti-Bruck, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Westchester County (Maria-Alana Recine, Ct. Atty. Ref.), entered August 1, 2018. The order, insofar as appealed from, after a hearing, continued the subject child's placement in the custody of the petitioner until the completion of the next permanency hearing and changed the permanency goal from reunification to placement for adoption.
ORDERED that the appeal from so much of the permanency hearing order as continued the subject child's placement in the custody of the petitioner is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the permanency hearing order is affirmed insofar as reviewed, without costs or disbursements.
The mother's appeal from so much of the permanency hearing order as continued the subject child's placement in the custody of the petitioner until the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired (see Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580; Matter of Jayline J. [Jarren J.], 156 AD3d 701; Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 198-199; Matter of Agam B. [Janna W.], 143 AD3d 702, 702-703; Matter of Grayson J. [Sharon H.], 119 AD3d 575, 576). However, the portion of the order which changed the permanency goal from reunification to adoption is not academic (see Matter of Victoria B. [Jonathan M.], 164 AD3d at 580-581).
" At a permanency hearing, the petitioner bears the burden of establishing the appropriateness of a permanency goal, or a goal change, by a preponderance of the evidence'" (Matter of Victoria B. [Jonathan M.], 164 AD3d at 581, quoting Matter of Cristella B., 65 AD3d 1037, 1039). The Family Court's determinations following a permanency hearing "must be made [*2] in accordance with the best interests and safety of the child, including whether the child would be at risk of abuse or neglect if returned to the parent'" (Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 283, quoting Family Ct Act § 1089[d]; see Matter of Victoria B. [Jonathan M.], 164 AD3d at 581).
Here, we agree with the Family Court's determination that the subject child would be in danger if he were returned to the mother (see Matter of Peter T., Jr. [Shay S. P.], ___ AD3d ___ [Appellate Division Docket No. 2017-11931; decided herewith]; Matter of Jazmine P. [Shay S. P.-T.], ___ AD3d ___ [Appellate Division Docket No. 2018-03841; decided herewith]). Further, the child had been in foster care for almost two years after his removal from the mother's custody at five months of age. The record demonstrates that although the petitioner provided appropriate services to the mother to support the original goal of reunification, the mother was unable to benefit from those services, and reunification was not a viable goal. Accordingly, we agree with the Family Court's determination to change the permanency goal from reunification to placement for adoption (see Matter of Victoria B. [Jonathan M.], 164 AD3d at 581-582; Matter of Angela N.L. [Ying L.], 153 AD3d 1408, 1411-1412; Matter of Cristella B., 65 AD3d at 1039-1040).
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court