Matter of Damani B. (Theresa M.) (2019 NY Slip Op 05399)





Matter of Damani B. (Theresa M.)


2019 NY Slip Op 05399


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-09247
 (Docket Nos. N-7312/11, N-7313/11)

[*1]In the Matter of Damani B. (Anonymous). Administration for Children's Services, respondent; Theresa M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Camari L. (Anonymous). Administration for Children's Services, respondent; Theresa M. (Anonymous), appellant. (Proceeding No. 2)


Larry S. Bachner, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Jamison Davies of counsel), for respondent.
Melissa C. R. Chernosky, Jamaica, NY, attorney for the child Damani B.
Lewis S. Calderon, Jamaica, NY, attorney for the child Camari L.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated May 30, 2018. The permanency hearing order, insofar as appealed from, after a permanency hearing, determined that the petitioner, Administration for Children's Services, had made reasonable efforts to implement the original permanency plan of reunification with the parent, and changed the permanency goal from reunification with the parent to placement for adoption.
ORDERED that the permanency hearing order is affirmed insofar as appealed from, without costs or disbursements.
In March 2011, the subject children were removed from their mother's care and placed in the custody of the Commissioner of the Administration for Children's Services (hereinafter ACS) upon allegations of abuse and neglect arising from the mother's infliction of excessive corporal punishment upon her then five-year-old child, Damani B. (hereinafter the older child), resulting in physical injury, and derivative abuse and/or neglect of her then four-month-old child, Camari L. (hereinafter the younger child). In August 2011, the mother made admissions of neglect as to the older child and derivative neglect as to the younger child, and in a dispositional order dated November 21, 2011, the Family Court released the children to the mother's care under the supervision of ACS for six months. The older child was returned to the custody of ACS in April 2012, following new allegations of physical and emotional abuse.
In June 2014, ACS alleged that the mother neglected the younger child by leaving him [*2]home alone and by maintaining a debris-strewn home, and removed the younger child from the mother's home. In November 2014, the mother consented to a finding of neglect as to the younger child. ACS created a service plan for the mother with the goal of reunification of the children with her, including evaluation and treatment with therapy, parenting classes and anger management classes, and the performance of regular home visits by ACS to ensure a home environment consistent with the children's safety.
In August 2016, the older child was trial-discharged to the mother, but in December 2016, ACS revoked the trial discharge of the older child based on new evidence of excessive corporal punishment and an unsafe, disorganized, and debris-strewn home. The older child was returned to foster care. In December 2016, ACS moved, inter alia, to direct that all future parental access be supervised as to both children, and the younger child's attorney moved to suspend unsupervised parental access and overnight parental access and to change the permanency goal to adoption. The Family Court commenced a permanency hearing, resulting in a permanency order dated May 30, 2018, in which it determined, inter alia, that ACS had made reasonable efforts to effectuate the permanency plan of reunification with the parent, and changed the permanency goal to placement for adoption. The mother appeals.
"Family Court Act article 10-A governs permanency hearings for children placed outside of their homes" (Matter of Cristella B., 65 AD3d 1037, 1039). "The purpose of the article is to provide children placed out of their homes timely and effective judicial review that promotes permanency, safety and well-being in their lives'" (id. at 1039, quoting Family Ct Act § 1086). Article 10-A "establishes a system of permanency hearings' for children who have been removed from parental custody" (Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 283). The hearings are "scheduled at six-month intervals" (id. at 283; see Family Ct Act § 1089[a][3]). "At the conclusion of each hearing, Family Court enters an order of disposition, schedules a subsequent hearing, and may also consider whether the permanency goal should be approved or modified" (Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283). Permissible permanency goals include returning the child to a parent or placing the child for adoption (see Family Ct Act § 1089[d][2][I]).
"At a permanency hearing, the petitioner bears the burden of establishing the appropriateness of a permanency goal, or a goal change, by a preponderance of the evidence" (Matter of Cristella B., 65 AD3d at 1039). "Great deference is accorded the Family Court, which saw and heard the witnesses, and its findings will not be disturbed unless they lack a substantial basis in the record" (Matter of Darlene L., 38 AD3d 552, 554). The Family Court's determinations following a permanency hearing "must be made in accordance with the best interests and safety of the child, including whether the child would be at risk of abuse or neglect if returned to the parent'" (Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283, quoting Family Ct Act § 1089[d]).
Here, the mother's contentions that the delay in completing the permanency hearing was unnecessary and violated Family Court Act § 1089(a)(3) as well as her due process rights are not preserved for appellate review (see generally Matter of Kimbrough v Murphy, 156 AD3d 640; Matter of Lavon S., 153 AD3d 526), and we decline to consider them under the circumstances of this case.
Moreover, we agree with the Family Court's determination that ACS made reasonable efforts to implement the original permanency plan of reunification with the parent, inter alia, by providing, directly or through referrals, appropriate therapy, and parenting and anger management classes (see Family Ct Act § 1089[d][2][iii][A]; Matter of Lacee L. [Stephanie L.], 32 NY3d 219; Matter of Michael A. [Claudia A.], 163 AD3d 654, 657).
Additionally, contrary to the mother's contention, ACS established by a preponderance of the evidence that changing the permanency goal from reunification to placement for adoption was in the children's best interests (see Family Ct Act § 1089[d]; Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 581; Matter of Cristella B., 65 AD3d at 1039). ACS presented evidence that the mother had not fully addressed the issues that led to the removal of the children, including using excessive corporal punishment, leaving the children unsupervised, and failing to comply with individual therapy treatment (see [*3]Matter of Victoria B. [Jonathan M.], 161 AD3d 1145, 1146; Matter of Angela N.L. [Ying L.], 153 AD3d 1408, 1411-1412; Matter of Jennifer R., 29 AD3d 1003, 1004-1005). Furthermore, ACS presented evidence that the mother could not successfully maintain either the trial discharge of the older child to her or her unsupervised visitation with the children, and that the older child had been in foster care for approximately six years at the time of the permanency hearing (see Matter of Victoria B. [Jonathan M.], 161 AD3d at 1146; Matter of Michael D. [Antionette R.], 71 AD3d 1017; Matter of Jennifer R., 29 AD3d at 1004-1005). In light of this evidence, the Family Court's change of the permanency goal from reunification with the parent to placement for adoption was supported by a sound and substantial basis in the record (see Family Ct Act § 1089[d]; Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283; Matter of Victoria B. [Jonathan M.], 164 AD3d at 581-582; Matter of Cristella B., 65 AD3d at 1039).
The mother's remaining contentions are without merit.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court