Matter of Lizzie G. (Chastity G.) (2020 NY Slip Op 03512)





Matter of Lizzie G. (Chastity G.)


2020 NY Slip Op 03512


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-10233
2020-04181
 (Docket Nos. N-5493-12, N-20082-13, N-23109-14, N-15201-16, N-4148-18)

[*1]In the Matter of Lizzie G. (Anonymous). Administration for Children's Services, respondent; Chastity G. (Anonymous), et al., appellants. (Proceeding No. 1.)
In the Matter of Jose G. (Anonymous). Administration for Children's Services, respondent; Chastity G. (Anonymous), et al., appellants. (Proceeding No. 2.)
In the Matter of Christopher G. (Anonymous), Jr. Administration for Children's Services, respondent; Chastity G. (Anonymous), et al., appellants. (Proceeding No. 3.)
In the Matter of Elijah G. (Anonymous). Administration for Children's Services, respondent; Chastity G. (Anonymous), et al., appellants. (Proceeding No. 4.)
In the Matter of Hope G. (Anonymous). Administration for Children's Services, respondent; Chastity G. (Anonymous), et al., appellants. (Proceeding No. 5.)


Francine Shraga, Brooklyn, NY, for appellant Chastity G.
Warren S. Hecht, Forest Hills, NY, for appellant Christopher G.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Diana Lawless of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals, and the father separately appeals, from (1) an order of the Family Court, Queens County (Diane Costanzo, J.), dated August 21, 2018, and (2) a permanency hearing order of the same court, also dated August 21, 2018. The order dated August 21, 2018, upon a decision of the same court dated [*2]July 23, 2018, made after a hearing pursuant to Family Court Act § 1028, denied the separate applications of the mother and the father for the return of their youngest child to their custody during the pendency of the proceeding. The permanency hearing order, upon the decision, made after a hearing, inter alia, continued the placement of the parties' four oldest children with the Commissioner of Social Services, and changed the permanency goal for their fourth oldest child from reunification with parent to adoption.
ORDERED that on the Court's own motion, the notices of appeal from the decision dated July 23, 2018, are deemed to be premature notices of appeal from the order dated August 21, 2018, and the permanency hearing order dated August 21, 2018 (see CPLR 5520[c]); and it is further,
ORDERED that the appeals from the order dated August 21, 2018, are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeals from so much of the permanency hearing order dated August 21, 2018, as continued the placement of the parties' four oldest children are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the permanency hearing order dated August 21, 2018, is affirmed insofar as reviewed, without costs or disbursements.
The mother and the father have five children together, all of whom have been removed from their custody due to the untreated mental illness of the mother and the father and the parents' inability to care for the children. In prior proceedings in the Family Court, findings of permanent neglect were entered against the mother and the father with respect to the three oldest children, and the mother and the father executed judicial surrenders of their parental rights with respect to those children. In February 2018, the Administration for Children's Services (hereinafter
ACS) removed the youngest child, upon her birth, from the custody of the mother and the father, and they thereafter sought the immediate return of that child pursuant to Family Court Act § 1028 (hereinafter the 1028 applications). In an order dated August 21, 2018 (hereinafter the 1028 order), after a combined hearing with respect to, inter alia, the 1028 applications as well as the permanency goals for the other four children, the court, among other things, denied the 1028 applications, finding that ACS had established that the youngest child would be at imminent risk of harm in the custody of the mother and the father. In a permanency hearing order, also dated August 21, 2018 (hereinafter the August 2018 permanency order), upon the combined hearing, the court changed the permanency goal for the fourth oldest child from reunification with parent to adoption.
The appeals from the 1028 order, denying the 1028 applications of the mother and the father, must be dismissed, as the appeals have been rendered academic in light of a subsequent order of disposition dated July 2, 2019 (see Matter of Z'naya D.J. [Vanessa J.], 141 AD3d 652, 653).
The appeals from so much of the August 2018 permanency order as continued the placement of the four oldest children in the custody of the Commissioner of Social Services until the completion of the next permanency hearing, must be dismissed as academic, as additional permanency hearings have thereafter been held (see Matter of Barry D. [Katrina B.], 178 AD3d 695; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1044). Moreover, since the mother and the father each executed judicial surrenders of their parental rights with respect to the three oldest children, they no longer have standing to seek relief with respect to those children (see Matter of Unborn Baby B., 158 AD2d 455, 456).
However, the appeals from so much of the August 2018 permanency order as changed the permanency goal for the fourth oldest child from reunification with parent to adoption are not academic (see Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 579-580). We agree with the Family Court's determination that ACS established by a preponderance of the evidence that [*3]modifying that child's permanency goal from reunification with parent to adoption was in that child's best interests (see Family Ct Act § 1089[d]; Matter of Victoria B. [Jonathan M.], 164 AD3d at 581; Matter of Cristella B., 65 AD3d 1037, 1039-1040). Accordingly, we affirm the August 2018 permanency order insofar as reviewed.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.

2018-10233 DECISION & ORDER ON MOTION
2020-04181
In the Matter of Lizzie G. (Anonymous).
Administration for Children's Services, respondent;
Chastity G. (Anonymous), et al., appellants.
(Proceeding No. 1)
In the Matter of Jose G. (Anonymous).
Administration for Children's Services, respondent;
Chastity G. (Anonymous), et al., appellants.
(Proceeding No. 2)
In the Matter of Christopher G. (Anonymous), Jr.
Administration for Children's Services, respondent;
Chastity G. (Anonymous), et al., appellants.
(Proceeding No. 3)
In the Matter of Elijah G. (Anonymous).
Administration for Children's Services, respondent;
Chastity G. (Anonymous), et al., appellants.
(Proceeding No. 4)
In the Matter of Hope G. (Anonymous).
Administration for Children's Services, respondent;
Chastity G. (Anonymous), et al., appellants.
(Proceeding No. 5)
(Docket Nos. N-5493-12, N-20082-13,
N-23109-14, N-15201-16, N-4148-18)

Motion by the petitioner to dismiss the appeals on the ground that they have been rendered academic. By decision and order on motion of this Court dated December 13, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition and in relation thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from so much of the permanency hearing order dated August 21, 2018, as changed the permanency goal for the parties' fourth oldest child from reunification with parent to adoption is denied; and it is further,
ORDERED that the motion is otherwise denied as academic in light of our determination of the appeals.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court