Matter of Leila I. (Marie V. A.) (2021 NY Slip Op 01046)





Matter of Leila I. (Marie V. A.)


2021 NY Slip Op 01046


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-13268
 (Docket Nos. N-6631-15, N-6632-15, N-6633-15)

[*1]In the Matter of Leila I. (Anonymous). Administration for Children's Services, respondent; Marie. A. (Anonymous), et al., appellants. (Proceeding No. 1.)
In the Matter of Kedasa I. (Anonymous). Administration for Children's Services, respondent; Marie V. A. (Anonymous), et al., appellants. (Proceeding No. 2.)
In the Matter of Fatuma I. (Anonymous). Administration for Children's Services, respondent; Marie V. A. (Anonymous), et al., appellants. (Proceeding No. 3.)


Cheryl Charles-Duval, Brooklyn, NY, for appellant Marie V. A.
Carol Kahn, New York, NY, for appellant Ernest I.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and
Rebecca L. Visgaitis of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals, and the father separately appeals, from a permanency hearing order of the Family Court, Kings County (Frank M. Hoelldobler, Ct. Atty. Ref.), dated October 17, 2019. The permanency hearing order, after a hearing, inter alia, continued the permanency goal of kinship guardianship for the subject children, and denied the separate applications of the mother and the father for a trial discharge of the children to them.
ORDERED that the permanency hearing order is affirmed, without costs or disbursements.
In 2015, the three subject children were removed from the care of their parents [*2](hereinafter together the appellants), after one of the children, Leila I. (hereinafter Leila), who was then five years old, contracted gonorrhea. In 2016, after a fact-finding hearing, the Family Court found that the appellants abused Leila and derivatively abused Leila's siblings. The court credited the testimony of the petitioner's expert, who opined, within a reasonable degree of medical certainty, that Leila's genitals came into contact with infected genital secretions and testified that, without a plausible explanation, this presented a "highly concerning case for sexual abuse." The court placed the children in the custody of the petitioner.
Permanency hearings were conducted on May 2, 2017, and October 16, 2017, after which the Family Court approved the permanency goal of reunification of the children with the appellants. Thereafter, in a permanency order dated March 19, 2018, the court changed the permanency goal from reunification to kinship guardianship. In a permanency order dated October 17, 2019, the court, inter alia, continued the permanency goal of kinship guardianship and denied the separate applications of the appellants for a trial discharge of the children to them.
"Family Court Act article 10-A governs permanency hearings for children placed outside of their homes" (Matter of Cristella B., 65 AD3d 1037, 1039; see Matter of Damani B. [Theresa M.], 174 AD3d 524, 526). "The purpose of the article is 'to provide children placed out of their homes timely and effective judicial review that promotes permanency, safety and well-being in their lives'" (Matter of Cristella B., 65 AD3d at 1039, quoting Family Ct Act § 1086). Article 10-A "establishes a system of 'permanency hearings' for children who have been removed from parental custody" (Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 283). The hearings are "scheduled at six-month intervals" (id. at 283; see Family Ct Act § 1089[a][3]). "At the conclusion of each hearing, Family Court enters an order of disposition, schedules a subsequent hearing, and may also consider whether the permanency goal should be approved or modified" (Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283).
"At a permanency hearing, the petitioner bears the burden of establishing the appropriateness of a permanency goal, or a goal change, by a preponderance of the evidence" (Matter of Cristella B., 65 AD3d at 1039; see Matter of Nazier B. [Anita B.], 96 AD3d 1049; Matter of Darlene L., 38 AD3d 552, 554). The Family Court's determinations following a permanency hearing "must be made 'in accordance with the best interests and safety of the child, including whether the child would be at risk of abuse or neglect if returned to the parent'" (Matter of Jamie J. [Michelle E.C.], 30 NY3d at 283, quoting Family Ct Act § 1089[d]; see Matter of Lacee L. [Stephanie L.], 32 NY3d 219, 226). "Great deference is accorded the Family Court, which saw and heard the witnesses, and its findings will not be disturbed unless they lack a substantial basis in the record" (Matter of Darlene L., 38 AD3d at 554).
Here, the record supports the Family Court's determination continuing the permanency goal of kinship guardianship and denying the appellants' separate applications for a trial discharge of the children to them. This determination was in the best interests and safety of the children (see Family Ct Act § 1089[d]; Matter of Jolani P. [Parris M.], 188 AD3d 1071). The petitioner presented evidence that the appellants have not fully addressed the issue that led to the removal of the children from their custody, namely, the acknowledgment that Leila contracted gonorrhea as a result of sexual abuse (see Matter of Damani B. [Theresa M.], 174 AD3d at 526; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 581-582). "A parent's efforts to remedy the conditions which resulted in . . . removal are clearly unsatisfactory when they consist of a mere denial of all culpability or responsibility for past conduct" (Matter of Amy B., 37 AD3d 600, 601; see Matter of Frankie L. [Dustin L.], 141 AD3d 657, 658). The failure of the appellants to gain insight into the issue that caused the children's removal continues to place the children at risk of abuse or neglect.
The father's contention that counsel was ineffective is based on matter dehors the record and not properly before this Court on this appeal (see Matter of Savage v Morales, 147 AD3d 861, 862; Matter of Chamas v Carino, 119 AD3d 564, 565).
The appellants' remaining contentions are without merit.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court