Matter of Rivka A. P. (Dana P.) (2024 NY Slip Op 02056)

Matter of Rivka A. P. (Dana P.)

2024 NY Slip Op 02056

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-08680
 (Docket Nos. N-1683-13, N-16322-14, N-580-16)

[*1]In the Matter of Rivka A. P. (Anonymous). Administration for Children's Services, petitioner-respondent; Dana P. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Farah B. P. (Anonymous). Administration for Children's Services, petitioner-respondent; Dana P. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Nicholas A. S. K. P. (Anonymous). Administration for Children's Services, petitioner-respondent; Dana P. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)

Tammi D. Pere, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Jeremy Pepper of counsel), for petitioner-respondent.
Terrence J. Worms, Flushing, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Queens County (Connie Gonzalez, J.), dated September 30, 2021. The permanency hearing order, insofar as appealed from, after a permanency hearing, found that the petitioner had exercised reasonable efforts to implement the permanency goal of reunification with the mother, changed the permanency goal from reunification with the mother to placement for adoption, and continued the subject children's placement in the custody of the petitioner until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the permanency hearing order as continued the subject children's placement in the custody of the petitioner until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that permanency hearing order is affirmed insofar as reviewed, without [*2]costs or disbursements.
Pursuant to Family Court Act article 10, the petitioner, Administration for Children's Services (hereinafter ACS), filed three separate petitions, alleging, among other things, that the mother had neglected the three subject children, who were born in 2013, 2014, and 2016, and who were each placed in the same foster home shortly after their births. In a permanency hearing order dated September 30, 2021, made after a permanency hearing, the Family Court, inter alia, found that ACS had exercised reasonable efforts to implement the permanency goal of reunification with the mother and changed the permanency goal from reunification to placement for adoption. The mother appeals from the permanency hearing order.
The appeal from so much of the permanency hearing order as continued the children's placement in the custody of ACS until the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired (see Matter of Peter T. [Shay S.P.], 173 AD3d 1046, 1047; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580). However, the portion of the permanency hearing order that found that the petitioner had exercised reasonable efforts to implement the permanency goal of reunification with the mother and changed the permanency goal from reunification to adoption is not academic (see Matter of Peter T. [Shay S.P.], 173 AD3d at 1047; Matter of Victoria B. [Jonathan M.], 164 AD3d at 580-581).
"'At a permanency hearing, the petitioner bears the burden of establishing the appropriateness of a permanency goal, or a goal change, by a preponderance of the evidence'" (Matter of Victoria B. [Jonathan M.], 164 AD3d at 581, quoting Matter of Cristella B., 65 AD3d 1037, 1039; see Matter of Peter T. [Shay S.P.], 173 AD3d at 1047). The Family Court's determinations following a permanency hearing "must be made 'in accordance with the best interests and safety of the child, including whether the child would be at risk of abuse or neglect if returned to the parent'" (Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 283, quoting Family Ct Act § 1089[d]; see Matter of Victoria B. [Jonathan M.], 164 AD3d at 581).
Here, ACS established by a preponderance of the evidence that it had exercised reasonable efforts to implement the permanency goal of reunification with the mother and that modifying the permanency goal from reunification to placement for adoption was in the children's best interests (see Matter of Peter T. [Shay S.P.], 173 AD3d 1043; Matter of Jazmine P. [Shay S.P.-T.], 173 AD3d 1033). The children had been in foster care since shortly after their births, and the record demonstrated that although ACS provided appropriate services to the mother to support the original goal of reunification, the mother was unable to benefit from those services, and reunification was not a viable goal. Accordingly, the Family Court properly changed the permanency goal from reunification to placement for adoption (see Matter of Peter T. [Shay S.P.], 173 AD3d at 1047; Matter of Victoria B. [Jonathan M.], 164 AD3d at 581-582).
The mother's remaining contention is without merit.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court