Matter of Sabrina M. A. (Yana A.--Marcus S.) (2021 NY Slip Op 03583)





Matter of Sabrina M. A. (Yana A.--Marcus S.)


2021 NY Slip Op 03583


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2020-03666
 (Docket No. N-17967-17)

[*1]In the Matter of Sabrina M. A. (Anonymous). Administration for Children's Services, petitioner- respondent; Yana A. (Anonymous), respondent; Marcus S. (Anonymous), nonparty-appellant.


Brooklyn Defender Services, Brooklyn, NY (Amy Mulzer and Jessica Marcus of counsel), for nonparty-appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Claude S. Platton and Philip W. Young of counsel), for petitioner-respondent.
The Children's Law Center, Brooklyn, NY (Rachel J. Stanton of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the nonrespondent father appeals from a permanency hearing order of the Family Court, Kings County (Melody Glover, J.), dated February 21, 2020. The permanency hearing order, insofar as appealed from, after a hearing, continued the subject child's placement until the completion of the next permanency hearing or pending further order of the court.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this abuse and neglect proceeding, the nonrespondent father, who resides in Florida, appeals from a permanency hearing order which, inter alia, continued the subject child's placement until the completion of the next permanency hearing or pending further order of the Family Court and approved the continued permanency goal of reunification with parent(s). The father contends that there was no showing that he is unfit or other extraordinary circumstances and the court should have immediately released the child to his care.
"At the conclusion of each [permanency] hearing, Family Court enters an order of disposition, schedules a subsequent hearing, and may also consider whether the permanency goal should be approved or modified" (Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 283). The court may direct that the placement of the child be terminated and the child returned to the parent, place the child in the custody of a fit and willing relative or other suitable person, or continue the placement of the child until the completion of the next permanency hearing (see Family Ct Act § 1089[d]).
Contrary to the father's contention, the Family Court was not required to find the existence of extraordinary circumstances necessary to permanently deprive a parent of custody (see Matter of Eric W. [Tyisha W.], 110 AD3d 1000, 1001). Rather, the court's determinations following a permanency hearing must made "in accordance with the best interests and safety of the child, [*2]including whether the child would be at risk of abuse or neglect if returned to the parent" (Family Ct Act § 1089[d]; see Matter of Jamie J. [Michelle E.C.], 30 NY3d at 285; Matter of Carson W. [Jamie G.], 128 AD3d 1501, 1503-1504). The court must begin by "weighing past and continued foster care against discharge to the biological parent" (Matter of Michael B., 80 NY2d 299, 314). The fitness of the biological parent must be a primary factor. The court must also "consider the agency's plan for the child, what services have been offered to strengthen and reunite the family, what reasonable efforts have been made to make it possible for the child to return to the natural home, and if return home is not likely, what efforts have been or should be made to evaluate other options" (id. at 314-315). "Finally, the court should consider the more intangible elements relating to the emotional well-being of the child, among them the impact on the child of immediate discharge versus an additional period of foster care" (id. at 315). "The child's emotional well-being must be part of the equation, parental rights notwithstanding" (id.). "Great deference is accorded the Family Court, which saw and heard the witnesses, and its findings will not be disturbed unless they lack a substantial basis in the record" (Matter of Darlene L., 38 AD3d 552, 554; see Matter of Damani B. [Theresa M.], 174 AD3d 524, 526).
Here, in light of the limited contact and parental access between the child and the father in the five years preceding the permanency hearing order, and the child's anxiety and distress concerning a transition to a home which does not practice Orthodox Judaism, the Family Court's determination that the child's best interests and safety warranted continuation of her placement, with expanded parental access including parental access with the father's family in Florida, was supported by a substantial basis in the record, and will not be disturbed (see Family Ct Act § 1089[d]; Matter of Michael B., 80 NY2d at 314-315).
The father's contentions regarding his mid-hearing application for a hearing pursuant to Family Court Act § 1028 are not properly before this Court on the appeal (see Matter of Padin v Padin, 103 AD3d 729, 730).
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court