Matter of Joshua J. (Tameka J.) (2023 NY Slip Op 05135)

Matter of Joshua J. (Tameka J.)

2023 NY Slip Op 05135

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-08736
 (Docket Nos. N-1084-18, N-10485-18)

[*1]In the Matter of Joshua J. (Anonymous). Westchester County Department of Social Services, respondent;
and
Tameka J. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Christopher J. (Anonymous). Westchester County Department of Social Services, respondent;
and
Tameka J. (Anonymous), appellant. (Proceeding No. 2)

George E. Reed, Jr., White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.
William E. Horwitz, Briarcliff Manor, NY, attorney for the child Joshua J.
Joan Iacono, Scarsdale, NY, attorney for the child Christopher J.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Westchester County (Meryl H. Guzman, Ct. Atty. Ref.), dated October 13, 2022. The order, after a hearing, inter alia, continued the subject children's placement until the completion of the next permanency hearing or pending further order of the court.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
The mother's appeal from the permanency hearing order, which, among other things, continued the children's placement until completion of the next permanency hearing or pending further order of the court, must be dismissed as academic, as the permanency hearing order has expired (see Matter of Peter T. [Shay S.P.], 173 AD3d 1046, 1047; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580; Matter of Jayline J. [Jarren J.], 156 AD3d 701, 701).
Contrary to the mother's contention, this case does not warrant the invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court